EMMA TILLMAN, Appellant, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY of Boston, Mass., Respondent.

*Life insurance — a change in the beneficiary is not effected until the company's consent is given.*

The consent of an insurance company to a change of the beneficiary named in a policy of life insurance provided for by the Insurance Law (Laws of 1892, chap. 690, § 211) alters the contract; and where the policy provides that no one but the company's "president or secretary is authorized to make, alter or discharge contracts," proof that the insured, two days before her death, filled out in due form the paper necessary on her part to change the beneficiary, and was told that "it was all right" by a collector for the insurer by whom it was on the same day forwarded to the company, which, without giving its consent to the change, returned the paper, with questions indorsed thereon, to the local superintendent, by whom it was received the day after the death of the insured, does not show that any change of beneficiary was legally effected.

APPEAL by the plaintiff, Emma Tillman, from a judgment of the County Court of Albany county in favor of the defendant, entered in the office of the clerk of the county of Albany on the 4th day of May, 1897, upon the verdict of a jury rendered by direction of the court.

*James C. Matthews* and *Franklin M. Danaher*, for the appellant.

*George H. Stevens*, for the respondent.

LANDON, J. :

Cora Jones was the insured ; the amount of the insurance was payable upon her death to " her estate." By the terms of the contract of insurance she had the right " to change such beneficiary from time to time, with the consent of the company, by written notice to said company."

March 17, 1896, at Albany, N. Y., Cora Jones executed in due form the paper necessary on her part to change the beneficiary from " her estate " to Emma Tillman, this plaintiff, and delivered it to one Coteman, a collector and solicitor for the defendant. He furnished her with the blank upon which she executed the change, superintended her execution of it, and when he took the paper told her " it was all right." Coteman delivered the paper to the local superintendent of defendant, who, on the same evening, mailed it to the defendant at Boston, Mass., at its home office there.

The policy of insurance contained this clause: "No person except the president or secretary is authorized to make, alter or discharge contracts, or waive forfeitures." The president and secretary were at the home office in Boston. The home office, instead of returning the paper with the defendant's consent, returned it by mail to the local superintendent at Albany. He received it March twentieth, with these questions indorsed thereon: "Why this change? Who pays premiums? What interest has prop. benfy.? From whom was information obtained? Does Supt. recommend?"

Cora Jones died March nineteenth. The company thereafter refused consent. Upon these facts we think no change of beneficiary was effected. The transaction was pending and unfinished when Cora Jones died, and upon her death "her estate," to be represented by her executor or administrator, immediately became vested with the policy. We do not think the defendant could, by its *ex parte* acts after the death of Cora Jones, divest her estate of the benefit of the policy, and, therefore, could not after her death, by constructive waiver in favor of the plaintiff or acts in the nature of estoppel *in pais*, do so. We need not, therefore, inquire whether

such acts tend to show waiver or estoppel in favor of the plaintiff. By the terms of the policy the consent of the company was necessary to the change. The reasonableness of this provision must be assumed since the statute permits it. (The Insurance Law, chap. 690, Laws of 1892, § 211.) We cannot hold that it was unreasonable for it to await the answer to its questions, promptly asked, before deciding whether it would consent. To change the beneficiary would be to alter the contract, and as only the president or secretary could do that it was proper that the papers should be forwarded to Boston for the action of one or the other of these officers. The statement of Coteman that "it was all right" did not make it so.

We think the learned County Court properly directed judgment for the defendant.

All concurred.

Judgment affirmed, with costs.