EMMA BRADLEY, Respondent, *v.* ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, CONN., Appellant.

Third Department, May 8, 1918.

**Pleading — demurrer — complaint in action on policy of life insurance — allegation that plaintiff was substituted as beneficiary admitted by demurrer — when defect of parties defendant not available.**

A defendant by demurring to the complaint admits the truth of the allegations thereof.   Hence, where the plaintiff suing to recover on a policy of life insurance alleges that he was designated by the insured as the beneficiary under the policy and is now the beneficiary entitled to payment, the defendant admits this fact by demurrer and cannot contend that the wife of the insured, the original beneficiary named, is the true beneficiary, or that the substitution of the plaintiff was not properly accomplished.

Nor can the defendant attack the complaint on the ground that there is a defect of parties in that the wife of the insured has not been made a defendant.

APPEAL by the defendant, Ætna Life Insurance Company of Hartford, Conn., from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 17th day of November, 1917, overruling its demurrer to the complaint, and also from the judgment entered thereon in said clerk's office on the 20th day of December, 1917.

*William H. Foster*, for the appellant.

*Thomas A. Allen*, for the respondent.

WOODWARD, J.:

The difficulty we find in this case is the application of the very good law cited by the appellant to the particular facts of this case. The complaint alleges the corporate capacity of the defendant, and that " on or about the 19th day of August, 1916, the defendant entered into a contract with one Hugh Taylor, deceased, the brother of the plaintiff, and late of the city of Albany," by the terms of which the defendant undertook to pay the sum of $1,000 upon proper proofs of death of the said Hugh Taylor, " which contract is hereby referred to and reference is made to the same particularly and with the same force and effect as if it was attached hereto." Further, on information and belief " that on or about the 5th day of February, 1917, Hugh Taylor, the insured, designated the plaintiff as beneficiary under said contract or policy of insurance and that since the said 5th day of February, 1917, the plaintiff has been and is now the beneficiary entitled to payment under the provisions of said policy of the amount due thereunder." The complaint then alleges the accidental death of Hugh Taylor; that the premiums on said policy were paid; that all the terms and conditions of the policy have been performed on the part of the insured, and of the plaintiff, and that the sum of $1,000 is now due and payable to the plaintiff from the defendant and that payment of the same has been duly demanded and that the said defendant refused to pay said sum, or any part thereof, to this plaintiff. Of course, if these facts are true — and the demurrer of the defendant admits them for the purposes of the demurrer — the plaintiff is entitled to recover.

The defendant demurs to the plaintiff's complaint upon the ground that "it appears on the face of the complaint that there is a defect of party defendant in that Maude Taylor is named as the beneficiary under the terms of the contract alleged in the complaint of the plaintiff, and that she is a proper and necessary party to the cause of action alleged in said complaint as a party defendant herein;" and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action. . This demurrer has been overruled and judgment on the pleadings has been entered in favor of the plaintiff. The defendant appeals.

The defendant urges that Maude Taylor, the beneficiary named in the policy, is a necessary party defendant in this action, and, if the question were open to the defendant, there might be force in its contention that the insured had failed to properly change the beneficiary. The difficulty is that the plaintiff alleges that this change of beneficiary was made on or about the 5th day of February, 1917, and that "since the said 5th day of February, 1917, the plaintiff has been and is now the beneficiary entitled to payment under the provisions of said policy," and the demurrer admits this fact. If the beneficiary has been changed, and the plaintiff is such beneficiary, with the right to receive the amount of the policy, where is the necessity or propriety of Maude Taylor as a party? She has no rights under such policy under the facts alleged and admitted. It is true that she is named as the beneficiary in the policy, which is made a part of the complaint, but the complaint specifically alleges that the plaintiff was designated as beneficiary under that policy at a date subsequent to its delivery, and the defendant, by admitting that fact, cannot be heard to urge the rights of Maude Taylor. Whatever might be the rights of Maude Taylor under the contract, the defendant cannot admit a change of beneficiaries in its pleadings, and then be permitted to show facts tending to establish that the change of beneficiaries was not properly accomplished. It is not a question of the proper construction of the contract or the rights of parties under it, but the effect of the pleadings, which is here involved. It seems highly probable, under the ruling of the court in *Tillman* v. *John Hancock Mutual Life Ins. Co.* (27 App. Div. 392) and *Hoff*

v. *Hoff* (175 id. 40), that the insured had not, in fact, accomplished his indicated purpose of changing his beneficiary, but the defendant by its demurrer has waived this point, and has admitted the facts as alleged, and these clearly show that there is no one interested in this policy other than the plaintiff.

The discussion as to the alleged defect of party has shown clearly that there is no merit in the second ground of demurrer; the facts alleged do constitute a good cause of action, and the court below has properly given judgment in favor of the plaintiff.

The judgment and order appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.