TILLMAN v. JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

INSURANCE—CHANGE OF BENEFICIARY.

    Insured's policy permitted her to change the beneficiary, with insurer's consent obtained from its president or secretary. She executed a paper necessary for such change, and delivered it to insurer's solicitor, who told her that "it was all right," and two days thereafter she died. In the meantime the paper had been mailed to the home office, and was from there promptly returned to the local superintendent, with various questions about it, but without the signature of the president or secretary, and was received by the superintendent after insured's death. *Held*, that the beneficiary was not changed.

Appeal from Albany county court.

Action by Emma Tillman against the John Hancock Mutual Life Insurance Company of Boston, Mass. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James C. Matthews and Franklin Danaher, for appellant.
George H. Stevens, for respondent.

LANDON, J. Cora Jones was the insured. The amount of the insurance was payable upon her death to "her estate." By the terms of the contract of insurance, she had the right "to change the beneficiary from time to time, with the consent of the company, by written notice to said company." March 17, 1896, at Albany, N. Y., Cora Jones executed, in due form, the paper necessary on her part to change the beneficiary from "her estate" to Emma Tillman, this plaintiff, and delivered it to one Coteman, a collector and solicitor for the defendant. He furnished her with the blank upon which she executed the change, superintended her execution of it, and when he took the paper told her "it was all right." Coteman delivered the paper to the local superintendent of defendant, who on the same evening mailed it to the defendant at Boston, Mass., at its home office there. The policy of insurance contained this clause: "No

person except the president or secretary is authorized to make, alter, or discharge contracts or waive forfeitures." The president and secretary were at the home office in Boston. The home office, instead of returning the paper with the defendant's consent, returned it by mail to the local superintendent at Albany. He received it March 20th, with these questions indorsed thereon: "Why this change? Who pays premiums? What interest has prop. benfy.? From whom was information obtained? Does supt. recommend?" Cora Jones died March 19th. The company thereafter refused consent. Upon these facts, we think no change of beneficiary was effected. The transaction was pending and unfinished when Cora Jones died, and upon her death "her estate," to be represented by her executor or administrator, immediately became vested with the policy. We do not think the defendant could, by its ex parte acts after the death of Cora Jones, devest her estate of the benefit of the policy, and therefore could not after her death, by constructive waiver in favor of the plaintiff, or acts in the nature of estoppel in pais, do so. We need not, therefore, inquire whether such acts tend to show waiver or estoppel in favor of the plaintiff. By the terms of the policy, the consent of the company was necessary to the change. The reasonableness of this provision must be assumed, since the statute permits it. "The Insurance Law;" Laws 1892, c. 690, § 211. We cannot hold that it was unreasonable for it to await the answer to its questions, promptly asked, before deciding whether it would consent. To change the beneficiary would be to alter the contract, and, as only the president or secretary could do that, it was proper that the papers should be forwarded to Boston for the action of one or the other of these officers. The statement of Coteman that "it was all right" did not make it so.

We think the learned county court properly directed judgment for the defendant. Judgment affirmed, with costs. All concur.