JOSEPH C. ABBOTT *vs.* SUPREME COLONY UNITED ORDER
OF PILGRIM FATHERS & claimant.

Essex. November 9, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Fraternal Beneficiary Corporation.*

Where the certificate of a fraternal beneficiary corporation provides that "a change
of beneficiary in any other manner than as directed by the constitution will not
be legal or binding on the order," and a provision of the constitution, printed
on the certificate, requires for such a change a declaration in writing signed by
the member, witnessed by two reputable witnesses and acknowledged before a
justice of the peace, or one of certain other officers named, an attempt of a
member to change the beneficiary named in his certificate by signing at a hospi-
tal during his last illness a declaration on the form approved by the order and
acknowledging it before a justice of the peace, but with no other witness, is of
no effect, and it is immaterial that the justice of the peace tried to procure the
necessary witnesses but failed to do so.

By the constitution of a fraternal beneficiary corporation a change of the beneficiary
named in a certificate could be made only by a declaration in writing signed by
the member, witnessed by two reputable witnesses and acknowledged before a
justice of the peace, or one of certain other officers named. A member during
his last illness signed such a declaration and acknowledged it before a notary
public, but with no other witness. The declaration was forwarded to the subor-
dinate lodge and was received by it a day or two before the death of the mem-
ber. The constitution and laws of the order contained no provision authorizing
a subordinate lodge or any of its officers to waive any requirement of the con-
stitution and laws. The supreme board of directors knew nothing of the lack of
witnesses to the declaration until after the death of the member. *Held,* that
there was no evidence of a waiver of the requirement of two witnesses.

MORTON, J. The sole question in this case is whether there
was a valid change of the beneficiary. The member at the time
of his death, which occurred July 31, 1904, was in good stand-
ing and had been since March 28, 1900, when he was initiated
as a member of a subordinate lodge, Suffolk Colony No. 21, on
which date a benefit certificate was issued to him in the sum of
$2,000, his wife being named as beneficiary. Subsequently his
wife died, and on July 26, 1904, five days before his death at the
Massachusetts General Hospital, he attempted to appoint his
brother, the plaintiff, beneficiary in the place of his wife. The
constitution and laws of the order provide as follows: "Each

member of a Subordinate Colony shall cause to be entered on its Secretary's Rollbook a direction to whom the benefit shall be paid and his residence; but any member desiring to change his beneficiary shall give a written declaration thereof to the Secretary of the Colony signed by him and witnessed by two reputable witnesses and acknowledged before a Justice of the Peace, Notary Public, Judge or Clerk of a Court of Record or Master in Chancery, and the records shall then be changed to correspond with the declaration upon payment of one dollar," etc. This provision was printed in red ink on the certificate. There also appeared on the back of the certificate the following provision : "A change of beneficiary in any other manner than as directed by the constitution will not be legal or binding on the order." The deceased signed a written declaration of change of beneficiary in the form approved by the order and acknowledged it before a justice of the peace. Previous to signing he expressed a desire to the justice to make the plaintiff his sole beneficiary, and the justice thereupon tried to procure the necessary witnesses, but owing to a rule of the hospital which allowed but one visitor a day to a patient was unable to procure them. Subsequently at the request of the plaintiff but not in the presence of or with the knowledge of the deceased the justice signed the declaration as a witness, but no other witness signed it. The declaration was forwarded to the subordinate lodge and received by it a day or two before the death of the declarant. The constitution and laws of the order contain no provision allowing a subordinate lodge or any official thereof to waive any provision of the constitution and laws of the order, and there was undisputed evidence that the supreme board of directors knew nothing of the lack of witnesses to the declaration of a change of beneficiary till after Abbott's death.

The order admitted its liability and paid the fund into court, and after proper notice the administrator was made a party as claimant. The judge of the Superior Court found for the plaintiff, and the case is here on exceptions by the administrator to the refusal of the judge to rule, as requested, that the plaintiff could not recover, and that the fund was payable to the administrator.

We think that the rulings requested should have been given.

It is well settled in this State that in cases like the present the benefit certificate cannot be transferred or a change made in the beneficiary, except in the manner provided in the constitution and laws of the order. *Clark* v. *Royal Arcanum*, 176 Mass. 468, 471. *McCarthy* v. *New England Order of Protection*, 153 Mass. 314, 320. *Daniels* v. *Pratt*, 143 Mass. 216. *Elsey* v. *Odd Fellows' Relief Assoc.* 142 Mass. 224. The fact that witnesses could not be procured for the reason stated did not render the attempted change effectual, and there is nothing to show any waiver of the provision requiring witnesses. The change which Abbott desired to make and the necessity for two witnesses does not appear to have been brought to the attention of the authorities of the hospital, and so far as appears no further effort was made during the few days that Abbott lived to render the change of beneficiary effectual, and to comply with the constitution and laws of the order. It cannot be doubted, we think, that the authorities would have permitted the parties to do what was necessary to render the change effectual, if the matter had been called to their attention.

*Exceptions sustained.*

*J. A. Brackett*, for the claimant, was stopped by the court.

*A. F. King, Jr.*, for the plaintiff.

