DISTRICT OF COLUMBIA et al. v. GLADDING et al.

(Court of Appeals of District of Columbia.   Submitted January 7, 1920.   Decided February 2, 1920.)

No. 3284.

1. STATUTES ⬤225—RULE OF PARI MATERIA APPLICABLE ONLY WHERE MEANING IS DOUBTFUL.

The rule of pari materia is applicable only where a statute is ambiguous or its significance doubtful.

2. INTOXICATING LIQUORS ⬤247—INTOXICANTS INTRODUCED IN VIOLATION OF REED AMENDMENT NOT SUBJECT TO FORFEITURE UNDER SHEPPARD ACT.

Intoxicants brought into the District contrary to the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c), which provides a fine or imprisonment, or both, for its violation, are not subject to forfeiture under the Sheppard Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3421¼a–3421¼s), providing for the forfeiture of intoxicants illegally received, possessed, etc., since the statutes are independent, and the Reed Amendment clearly defines the punishment which shall be inflicted for its violation.

Appeal from the Supreme Court of the District of Columbia.

Action by Harry T. Gladding and Erastus C. Gladding, copartners trading under the firm name and style of Gladding's Express Company, against the District of Columbia, a municipal corporation, Carl Flather, and Edwin B. Hesse.   Judgment for plaintiffs, and defendants appeal. Affirmed.

F. H. Stephens, of Washington, D. C., for appellants.

W. J. Lambert and T. M. Wampler, both of Washington, D. C. (Rudolph H. Yeatman, of Washington, D. C., on the brief), for appellees.

SMYTH, Chief Justice.   This appeal involves the right of the appellees to the possession of a quantity of intoxicating liquor brought into the District of Columbia, in contravention of the Reed Amendment (39 Stat. 1069; 40 Stat. 1151 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c, 10387ee]).   There was judgment for the plaintiffs below, and the defendants appeal.

[1, 2] There is no dispute about the facts; they are stipulated. It appears that the Gladdings were, at the time the liquor was carried into the District, and for some years previous thereto had been, engaged in the business of transporting goods by motor trucks from Baltimore to this District.   The day after the Reed Amendment was made applicable to the District, they as common carriers conveyed the liquor in question into the District for a number of consignees.   The driver of the truck containing it was arrested for violating the Amendment, and the liquor was seized by the police.   He pleaded guilty.   Appellant Flather, as captain of police, turned the liquor over to the appellant Hesse, as Property Clerk of the District, who, after the conviction of the driver, refused to surrender it to the Gladdings, claiming that under the provisions of the Sheppard Act (39 Stat. 1123 [Comp. St. 1918,

Comp. St. Ann. Supp. 1919, §§ 3421¼a–3421¼s]) it was his duty to destroy it. Thereupon the Gladdings, asserting that they were entitled to the possession of the liquor as bailees, instituted action for its recovery.

The Sheppard Act declares that alcoholic liquors "illegally manufactured, received, possessed, or stored" are forfeited to the District of Columbia, and directs that they "may be * * * ordered to be destroyed by the court after a conviction. * * *" Section 18 (section 3421¼*l*). It is conceded that the liquor was not brought into the District in violation of the Sheppard Act, but that the law breached was the Reed Amendment. That amendment provides in section 5 (section 10387b) that for the doing of certain things forbidden therein the guilty one "shall be fined not more than $1,000, or imprisoned not more than six months, or both, and for any subsequent offense shall be imprisoned not more than one year." This is the only penalty which it contains. There is nothing in it that requires the confiscation of the liquor.

Counsel for appellants, however, contend that the Sheppard Act and the Reed Amendment, since they relate to the same subject, must be construed together, and, following the rule in pari materia, the court should import into the Amendment the sanction of the Sheppard Act. We do not think the rule invoked is at all applicable. It is resorted to only "as an aid in determining the meaning of a doubtful statute." 39 Cyc. 1150. "A statute falls under that rule only when its terms are ambiguous or its significance is doubtful." United States v. Colorado & N. W. R. Co., 157 Fed. 321, 330, 85 C. C. A. 27, 36 (15 L. R. A. [N. S.] 167, 13 Ann. Cas. 893); Endlich on Interpretation of Statutes, § 53, p. 67.

But the language of the Reed Amendment is not ambiguous. It plainly says the penalty for bringing intoxicating liquors into the District shall be as aforesaid, and, when we look back to the place in the same section where the punishment is prescribed, we find that it is confined to a fine or imprisonment, or both, and that it does not command the destruction of the seized liquor. The Supreme Court of the United States has said that—

"Where a law is expressed in plain and unambiguous terms, whether those terms are general or limited, Legislatures should be intended to mean what they have plainly expressed, and consequently no room is left for construction." Lake County v. Rollins, 130 U. S. 662, 670, 9 Sup. Ct. 651, 652 (32 L. Ed. 1060).

We must take the law as Congress wrote it, and in doing so we find no warrant for the position of the appellants. It is said in their brief that, unless the view for which they argue is adopted, confusion will result in the administration of the two statutes. We think not. They deal with different situations. The Reed Amendment relates to shipments in interstate commerce only, while the Sheppard Law is local in its application. They stand apart, and may be administered as independent statutes. The only point, however, which we decide, is that the Reed Amendment clearly defines the punishment that shall be inflicted for its violation, and that there is nothing in it which condemns to

destruction liquor brought into the District in disregard of its provisions.

Judgment affirmed, with costs.

Affirmed.