### MARLOW v. PAGANINI.

(Circuit Court of Appeals, Ninth Circuit. January 16, 1922. Rehearing Denied February 20, 1922.)

No. 3629.

Insurance ☞587—Where insured failed to obtain indorsement of change of beneficiary, insurance passed to his estate.

Where insured was unable to procure an indorsement of a change of beneficiary on a policy made payable to his executors, administrators, or assigns, it being pledged as security for a debt, and never gave written notice to the company of any change of beneficiary, as required by the policy, the insurance became the property of his estate on his death, subject to the rights of the pledgee or his assignee, though the latter thereafter paid pledgee the sum due, procured the policy and presented it to the company for such indorsement.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Bill of interpleader by the New York Life Insurance Company against Charles Paganini, as administrator of the estate of David K.

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marlow, deceased, and Herta Marlow. Decree for the administrator, and Herta Marlow appeals. Affirmed.

Statement of claim by defendant Herta Marlow alleged that Miss Jennie Heppner, on or about October 1, 1919, assigned her right in the policy in question to said defendant, and that on October 20, 1919, defendant Herta Marlow purchased from Ben Janwitz all his claim against David K. Marlow, deceased, and that he delivered to her the policy held by him as collateral security, and that said defendant claimed as assignee of Miss Heppner, or as the assignee of Ben Janwitz, or as the assignee of both.

Ernest K. Little, of San Francisco, Cal. (Otto A. Samuels, of New York City, of counsel), for appellant.

Walton C. Webb and C. F. Reindollar, both of San Francisco. Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The policy of insurance here in question was issued upon the life of David K. Marlow May 29, 1917, and was made payable to the "executors, administrators, or assigns of the insured, or to the duly designated beneficiary (with the right on the part of the insured to change the beneficiary in the manner provided in section 6)."

Section 6 provides as follows:

"*Change of Beneficiary.*—The insured may at any time and from time to time, change the beneficiary, provided this policy is not then assigned. Every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for indorsement of the change thereon by the company, and unless so indorsed the change shall not take effect. After such indorsement the change shall relate to and take effect as of the date the insured signed said written notice of change whether the insured be living at the time of such indorsement or not."

The provision of the policy relating to the assignment thereof is as follows:

"*Assignment.*—Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office. The company assumes no responsibility for the validity of any assignment."

The home office of the company is in the city of New York. The insured having died May 30, 1919, and conflicting claims to the insurance having been made, the insurance company paid the amount into court, and the appellant and the appellee, as administrator of the estate of the deceased, were required to interplead and litigate their respective claims.

The conceded facts show that on the 18th of March, 1918, the insured filed at the San Francisco branch of the company a direction that the beneficiary be changed to Miss Jennie Heppner, at which time, and continuously thereafter until subsequent to the death of the insured, the policy was in the possession of one Janwitz, in the city of San Francisco, as security for certain moneys due him from the insured, for which reason the insured was unable to surrender the policy or to procure the indorsement of the change of the beneficiary on it. The

record further shows that, although the insured lived for more than one year thereafter, he neither delivered to the company at its home office the policy for indorsement thereon of any change of beneficiary thereunder, nor did he give any written notice to the company at its home office of any change of such beneficiary, nor, so far as the record shows, did he ever make any attempt so to do, and no such indorsement was ever made upon the policy by the company.

It is, we think, not necessary to consider whether the pledge of the policy to Janwitz was or was not in effect an assignment of it, but it admits of no doubt that it conferred upon the pledgee an interest in the policy and the right to hold it until his debt was paid, as against the insured and any beneficiary that might be legally named by him. It is manifest from the facts stated that no change in the beneficiary had been effected at the time of the insured's death May 30, 1919.

Subsequent to that event, the record further shows, the appellant paid the sum for which the policy was being held as a pledge, got the policy, and presented it to the company at its home office for indorsement of the change of beneficiary thereon. No such indorsement thereon, if then made, would have been of any effect, for the obvious reason that upon the death of the insured the amount of the insurance became the property of the estate of the deceased. See Abbott v. Supreme Colony United, etc., 190 Mass. 67, 76 N. E. 234; French v. Provident Savings Life Assurance Society, 205 Mass. 424, 91 N. E. 577; McLaughlin v. McLaughlin, 104 Cal. 171, 37 Pac. 865, 43 Am. St. Rep. 83; De Silva v. Supreme Council, 109 Cal. 373, 42 Pac. 32; Tillman v. John Hancock Life Insurance Co., 27 App. Div. 392, 50 N. Y. Supp. 470.

We must therefore affirm the decree of the court below in favor of the administrator of the estate, subject to the rights of the assignee of the pledge.

So ordered.