## SMALL v. UNITED STATES et al.
### No. 7349.

United States Court of Appeals for the District of Columbia.

Decided Jan. 22, 1940.

Claude L. Dawson, of Washington, D. C., for appellant.

David A. Pine, U. S. Dist. Atty., and Fendall Marbury, Sp. Atty., Department of

Justice, both of Washington, D. C., for appellee United States.

J. Edward Burroughs and William P. Arnold, both of Washington, D. C., for appellee Anna Edith Cohen.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a judgment by the district court that the defendant (appellee here) Anna Edith Cohen, is entitled as beneficiary to the proceeds of a United States life insurance policy issued to the plaintiff's (appellant here) husband.

It appears that the insured (now deceased) enlisted in the military service of the United States on May 21, 1918, and while in such service was granted war risk insurance (yearly renewable term) in the amount of $10,000. He designated his wife, the plaintiff in this action, as the beneficiary under the policy. On September 1, 1919, the insured converted this term insurance into a twenty-payment government life insurance policy (converted insurance), again designating his wife as the beneficiary. The converted policy contained a clause permitting the insured freedom in changing the "beneficiary under this policy within the class permitted by the War Risk Insurance Act or any amendment or supplement thereto * * *".

In April, 1933, the insured in writing requested the United States Veterans' Administration to change the beneficiary of the said policy to Anna Edith Cohen, not related to him by blood or marriage, which change was endorsed on the policy May 4, 1933. The insured died in August, 1936, and his widow, the plaintiff in this action, filed a claim for the insurance benefits with the Veterans' Administration. The World War Veterans' Act, as amended by the Act of May 29, 1928 (herein referred to as the Amendatory Act)[1] has been consistently interpreted by that agency as according the holder of a converted policy a right to change the beneficial interest in his policy to any person he pleases.[2] In line with that interpretation the plaintiff's claim was denied and an award made in

[1] The Act has been amended since the amendatory act of May 29, 1928, 45 Stat. 964, 967, 968, but the provisions pertinent to the instant case have not been altered since that date. 38 U.S.C.A. §§ 511, 512.

[2] Circular No. 496 (Adjudication Service) of the Veterans' Bureau, provided in part as follows:
"Designation of Beneficiary of United States Government Life Insurance
"November 15, 1928.
"1. Section 300 of the World War Veterans' Act, 1924, as amended May

favor of Anna Edith Cohen. Thereafter, the plaintiff filed suit in the district court naming the United States and Anna Edith Cohen as defendants. Jurisdiction of the district court was properly predicated on Title 38, § 445 of the United States Code, 38 U.S.C.A. § 445. The case was tried on an agreed statement of facts by the court and judgment was entered for the defendant Cohen.

The sole question presented on this appeal is whether the insured's designation of Cohen as his beneficiary was valid under §§ 300 and 301 of the World War Veterans' Act, as amended.

Prior to the amendatory act, the World War Veterans' Act prohibited payment of the proceeds of an insurance policy (term or converted) to a person not within certain prescribed classes related to the insured by blood or marriage. This prohibition applied equally to original designation and change of beneficiaries.[3] The amendatory act retained these restrictions intact as to yearly renewable term policies but in respect to converted policies it omitted the requirement that the proceeds of the policy must be paid to one within the prescribed classes.

The amendatory act was in force at the time of the attempted change of beneficiaries in the instant case and provided in part as follows:

§ 300: "* * * The yearly renewable term insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person.

"Where the beneficiary for yearly renewable term insurance at the time of designation by the insured is within the permitted class of beneficiaries and is the designated beneficiary at the time of the maturity of the insurance because of the death of the insured, such beneficiary shall be deemed to be within the permitted class even though the status of such beneficiary shall have been changed."

§ 301: "* * * Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided."

The plaintiff invokes the principle that extrinsic aids to interpretation are not available where the statute is free from ambiguity,[4] and rests her case on the contention that under § 301, the holder of a converted policy is clearly prohibited, in changing beneficiaries, from naming any person not within the permitted class of beneficiaries set forth in § 300.

It is true that § 301 provides that in changing beneficiaries the insured may do so "only within the classes herein provided". Section 300, as amended, however, provides classes of permitted beneficiaries only for "yearly renewable term" insurance. Neither in § 300 nor in § 301 does there appear a permitted class of beneficiaries applicable to converted policies. These sections *clearly do not* prohibit payment of proceeds of a converted policy to one outside the permitted classes set forth in § 300. Hence, there is no merit in the plaintiff's contention that § 301, on its face, clearly prohibits the holder of a converted policy from changing beneficiaries to a person not within the permitted classes of beneficiaries for yearly renewable term insurance set forth in § 300. It does not necessarily follow from this, however, that § 301 clearly authorizes the

29, 1928, eliminates United States Government life (converted) insurance from the provisions prescribing the permitted class of beneficiaries. Therefore, the insured under a United States Government life (converted) insurance policy may designate any person, firm, corporation, or legal entity as the beneficiary under his policy, either individually or as trustee.

\*   \*   \*   \*   \*   \*

"4. The permitted class of beneficiaries still applies to yearly renewable term insurance."

Substantially the same provisions were incorporated in paragraph 3035 of a subsequent codification of the Regulations and Procedure, Insurance Section, pages 2, 3 R., which is in force and effect at the present time.

[3] See §§ 300 and 301 of the Act of June 7, 1924, 43 Stat. 607, 624.

[4] Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168; Hamilton v. Rathbone, 175 U.S. 414, 419, 20 S.Ct. 155, 44 L.Ed. 219; MacKenzie v. Hare, 239 U.S. 299, 308, 36 S. Ct. 106, 60 L.Ed. 297, Ann.Cas.1916E, 645; In re Boggs-Rice Co., Inc., 4 Cir., 66 F.2d 855; District of Columbia v. Gladding, 49 App.D.C. 232, 263 F. 628.

holder of a converted policy to change beneficiaries to any person he pleases. In respect to affirmative authority for change of beneficiaries under converted policies, § 301 must be characterized as ambiguous. Change of beneficiary is authorized for all policyholders but "only within the classes herein provided", and we have seen that no classes of permitted beneficiaries for converted policies were "herein provided". In order to ascertain the meaning of § 301 in respect to change of beneficiaries under converted policies, resort must be had to the language of prior acts and the Congressional Committee reports on the provisions in question.[5]

■ In the original Act of Oct. 6, 1917, 40 Stat. 398, 409, it was provided that the insurance (both term and converted) must be payable to a "spouse, child, grandchild, parent, brother or sister * * *". The section of the 1917 Act respecting change of beneficiary provided that such change might be made "but only within the classes herein provided".

The entire act was revised by the Act of June 7, 1924, 43 Stat. 607, 624, and in § 300 of that act the classes of permitted beneficiaries for the insurance (both term and converted) were enlarged to include an "uncle, aunt, nephew, niece, brother-in-law, or sister-in-law". Section 301 of this act re-enacted verbatim the provision of the 1917 Act authorizing change of beneficiaries "but only within the classes herein provided". It should be observed that under this provision, the enlargement of the classes of permitted beneficiaries in § 300 ipso facto enlarged, to the same extent, the classes applicable to change of beneficiaries.

The next change in the pertinent provisions of § 300 and § 301 was effected by the amendatory act.[6] These sections, with the changes effected by the amendatory act enclosed in brackets, are here set forth:

§ 300. "* * * The [yearly renewable term] insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person.

"Where a beneficiary [for yearly renewable term insurance] at the time of designation by the insured is within the permitted class of beneficiaries and is the designated beneficiary at the time of the maturity of the insurance because of the death of the insured, such beneficiary shall be deemed to be within the permitted class even though the status of such beneficiary shall have been changed."

§ 301. "* * * Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided."

It will be observed that, prior to the amendatory act, § 300 provided that the insurance (both term and converted) *should be payable only* to a "spouse, child," etc. and thus applied to both original and subsequent designation of beneficiaries. Section 301 authorizing change of beneficiaries merely reinforced the broad scope of § 300 by providing that change might be made "but only within the classes herein provided".

The amendatory act, as seen above, eliminated the restrictions in § 300 on beneficiaries for converted policies and by implication thereby set up an unlimited class of permitted beneficiaries for converted policies.[7] In view of the historic function of § 301 as the mere complement of § 300, the conclusion is irresistible that when Congress in § 300 removed the restrictions on beneficiaries for converted policies, that action was intended to apply to both original designation and change of beneficiary. Reference to the Committee reports on the amendatory act makes it clear beyond doubt that such was the Congressional intent.[8]

---

5 See Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, 300 U.S. 440, 463, n. 8, 57 S.Ct. 556, 81 L. Ed. 736, 112 A.L.R. 1455. See, also, In re Boggs-Rice Co., Inc., supra, n. 4.

6 The provisions of §§ 300 and 301 of the 1924 act pertinent to the instant case appeared without change in the Act of July 2, 1926, 44 Stat. 790, 798.

7 Cf. United States v. Pastell, 4 Cir., 91 F.2d 575, 579, 112 A.L.R. 1125; United States ex rel. Brion v. Prentis, D.C., 182 F. 894.

8 The report of the Committee on World War Veterans' Legislation of the House of Representatives, made in connection with the Act of May 29, 1928, contains the following statement: "11. Section 12 [of the Act] amends section 300 of the act by removing the restric-

In statutory construction the legislative intent controls. It is clear that, by the amendatory act, Congress intended to remove restrictions upon the right of the holder of a converted policy to change beneficiaries. We conclude, as did the Circuit Court of Appeals for the Third Circuit in Lewis v. United States, 56 F.2d 563, that under the act as amended, no restrictions are placed upon the holder of a converted policy in choice of persons when changing beneficiaries.

The defendant Cohen, as the beneficiary designated by the insured, is therefore entitled to the proceeds of the policy.

The judgment of the district court is affirmed.

Affirmed.

---

tion on the designation of a beneficiary for converted insurance to a permitted class. The permitted class of beneficiaries will still remain in the statute insofar as yearly renewable term insurance is concerned. The committee is of the opinion that in view of the fact that the insured under converted insurance is paying an ample premium for the protection afforded he should be given the same right with regard to designating a beneficiary, or changing a beneficiary, as he would have under a commercial insurance policy. This amendment will make unnecessary the amendment providing that trustees be included among the permitted class of beneficiaries for converted insurance. There will be no additional cost attached to this amendment." H.Rep. 1274, 70th Cong., 1st Sess., Cong.Rec. Vol. 69, p. 6574.

The report of the Senate Committee, (Committee on Finance) S.Rep. 1297, contains the same language with reference to this section of the act.