**Anna Marie KIMBALL**

v.

**UNITED STATES of America,
Hazel Mathes Kimball,
Interpleader.**

**Civ. No. 35777.**

United States District Court
N. D. Ohio, E. D.

July 5, 1961.

Dan B. Cull, John F. Norton, Cleveland, Ohio, for plaintiff.

Russell E. Ake, Wm. O'Neill, U. S. Atty., Cleveland, Ohio, for United States.

John R. Milligan, Jr., Canton, Ohio, for Hazel Mathes Kimball.

JONES, District Judge.

This is an action involving the right to proceeds of United States Government Life Insurance on the life of Wayne E. Kimball, who died June 22, 1959, leaving a widow, Hazel M. Kimball, who has been interpleaded by the United States in this action. The plaintiff, Anna Marie Kimball, was divorced from Kimball in December, 1933.

The separation agreement incorporated in the divorce decree required in effect that the veteran, Kimball, surrender the policy to this plaintiff and maintain the policy thereafter. Kimball complied fully with this requirement but, having married Hazel Mathes Kimball in December, 1935, he named her as beneficiary in October, 1946.

All the legal authority is to the effect that the insured is at all times free to change the beneficiary of his Government life insurance and that, contrary to ordinary commercial life insurance, no person can be named beneficiary irrevocably. It is plaintiff's argument that all these cases are based on the erroneous assumption that War Risk Insurance and United States Government Life Insurance should be treated alike. That the two types of insurance are not the same is stated in Helmholz v. Horst, 7 Cir., 1924, 294 F. 417, and Small v. United States, 1940, 71 App.D.C. 332, 110 F.2d 122, 127 A.L.R. 814, and confirmed in United States v. Madigan, 1937, 300 U. S. 500, 57 S.Ct. 566, 81 L.Ed. 767.

Thus plaintiff is willing to concede the validity of Von Der Lippi-Lipski v. United States, 1925, 55 App.D.C. 202, 4 F.2d 168, dealing with an agreement not to change the beneficiary on a War Risk policy; and of White v. United States, 1926, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530, involving a War Risk policy but not an agreement to retain a beneficiary, on the basis that since War Risk Insurance was a gratuity the courts are justified in adopting a benevolent view toward carrying out the wishes of the soldier. But plaintiff disputes the validity of the principle of these cases when it is applied in the area of United States Government Life Insurance, which was intended to be fully comparable with ordinary commercial life insurance. This has been done in United States v. Sterling, 2 Cir., 1926, 12 F.2d 921; Lewis v. United States, 3 Cir., 1932, 56 F.d 563; Murphy v. United States, 1934, 5 F.Supp. 583; and, after World War II and National Service Life Insurance, Wissner v. Wissner, 1950, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Eldin v. United States, D.C.1957, 157 F.Supp. 34; and Tompkins v. Tompkins, 1944, 132 N.J.L. 217, 38 A.2d 890.

As a matter of policy, regardless of whether plaintiff's argument is valid that the courts have not adequately considered the purposes and provisions of the various types of Government life insurance, it would be poor law to unsettle a rule as firmly established as is this rule; that the insured has the unqualified right to change the beneficiary of his Government life insurance and its corollary that no person can acquire a vested interest in the proceeds of such a policy. In my view the question is settled and any change must of necessity be made by the Congress.

Further, a study of the cases reviewed by plaintiff and cited above reveals no lack of understanding by the various courts of the problems involved. Certainly the language in Wissner v. Wissner, supra, is intended to cover fact situations such as the one involved here, and is not limited to conflicts between state and federal law, as suggested by plaintiff.

If any additional support for the judgment reached should be thought necessary, the statute creating the types of insurance involved here provides that it shall not be assignable (43 Stats., page 613, § 22, 68th Congress) and certainly the purported irrevocable transfer arising out of the divorce proceedings was in effect and tantamount to an assignment and forbidden by the Act above cited.

Accordingly, I find the named beneficiary, Hazel Mathes Kimball, entitled to receive the proceeds of the policy, which sum, amounting to $8,301, the United States is hereby directed to pay to the said Hazel Mathes Kimball.