Anna Marie **KIMBALL**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee,

v.

**Hazel Mathes KIMBALL**, Defendant-Appellee.

No. 14716.

United States Court of Appeals
Sixth Circuit.

July 6, 1962.

John F. Norton, Cleveland, Ohio, for appellant Anna Marie Kimball, Dan B. Cull, Cleveland, Ohio, on the brief.

John R. Milligan, Jr., Canton, Ohio, for appellee Hazel Mathes Kimball, Russell E. Ake, U. S. Atty., Cleveland, Ohio, on the brief.

Alan S. Rosenthal, Dept. of Justice, Washington, D. C., for United States, William H. Orrick, Jr., Asst. Atty. Gen., Marvin S. Shapiro, Atty., Dept. of Justice, Washington, D. C., Merle M. Mc-Curdy, U. S. Atty., Cleveland, Ohio, on the brief.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

The issue in this case is whether an insured veteran under a United States Government Life Insurance Policy can effectively contract away his right to change the beneficiary of his policy.

Appellant was the first wife of Wayne E. Kimball, the deceased veteran in this case. They were divorced in 1933, and, in a separation agreement incorporated in the divorce decree, Kimball was required to surrender the policy here in question to appellant and maintain it in force thereafter; and he complied with this requirement. However, in 1935, he married appellee Hazel M. Kimball, and, in 1946, named her as the beneficiary of the policy. Kimball died in 1959.

Upon refusal of the Veterans Administration to pay the proceeds of the policy to Anna Marie Kimball, appellant, she brought this action against the United States, asking judgment in the amount of the policy. The government caused appellee, Hazel M. Kimball, to be inter-

pleaded as the last-named beneficiary of the policy.

Under the pertinent statute, 38 U.S.C. §§ 749 and 3101(a), the insured had at all times the right to change the beneficiary of the policy; and payments of benefits due thereunder were not assignable. The statute also provided that the payment of benefits due should be exempt from taxation, and should not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. In his determination of the case, Judge Jones, in a concise and comprehensive opinion, stated the facts and issues, and after consideration of the leading cases on the subject as well as consideration of the contentions advanced by appellant, held that appellee, Hazel M. Kimball, the last-named beneficiary, was entitled to the proceeds of the policy. We are in accord with these conclusions, and the reasoning on which they are based; and the judgment of the District Court is, therefore, affirmed for the reasons stated in the opinion of Judge Jones, reported in 197 F.Supp. 124.