Jane D. **BONNER**, Plaintiff,

v.

**UNITED STATES of America**

and

**Iola H. Murphy, Executrix of the Estate of John D. Murphy, Defendants.**

Civ. A. No. 61–1017.

United States District Court
D. Massachusetts.

Oct. 15, 1963.

Joseph M. Kelly, Wellesley, Mass., for plaintiff.

Pierre Belliveau, Boston, Mass., for defendant Iola H. Murphy.

CAFFREY, District Judge.

This is a civil action in which the plaintiff Jane D. Bonner seeks to recover $10,000, as the named beneficiary of a United States Government life insurance policy issued to the late Colonel John Deneen Murphy. Defendants are the United States of America and Iola H. Murphy, Executrix of the Estate of John D. Murphy. I find the following to be the facts:

On October 2, 1920, Colonel Murphy married the plaintiff Jane Keenan Diehl Murphy Bonner. Two sons, John D. Murphy and Richard W. Murphy, were born of this union. Colonel Murphy served in the United States Army in World War I as a Lieutenant Colonel, and a life insurance policy was issued to Colonel Murphy. This was later converted to United States Government Life Insurance Policy No. K776–953, dated July 1, 1927. Jane Murphy was the principal beneficiary of this policy.

The plaintiff obtained a decree of divorce from Colonel Murphy in Norfolk County Probate Court which became final in 1950. He assigned and transferred to plaintiff all his right, title and interest to the insurance policy, including all rights, options and privileges attendant thereupon, as part of the property settlement made in connection with this divorce.

Iola Chipman Hardwick married Colonel Murphy on August 11, 1952 in Pittsfield, Maine. He was admitted as a patient to the Veterans Administration Hospital, Togus, Maine, on August 1, 1960, and on August 8, 1960, while there hospitalized, he executed a Change of Beneficiary form naming his estate as the beneficiary of the entire policy. He died on August 11, 1960.

A prior ruling of this Court limited the factual issue to be tried to the question of the mental capacity of Colonel Murphy to validly execute the Change of Beneficiary on August 8, 1960. Plaintiff did not appear or testify and supported her case by submitting in evidence the deposition of Dr. Peter F. Lansing, a physician on the staff of the Togus Hospital; the deposition of Miriam Day, head nurse of the ward in which Colonel Murphy was a patient; and the deposition of Edward P. Mardosa, a contact

representative for the Veterans Administration at Togus, Maine. Plaintiff also offered a group of documents from the files of the Veterans Administration and the Togus, Maine hospital records of Colonel Murphy's terminal hospitalization.

Defendant called Kenneth Barnes, a Veterans Administration employee who was a contact officer at Togus and the witness to Colonel Murphy's Change of Beneficiary. Defendant also called Iola H. Murphy, Executrix and residuary legatee under the will of Colonel Murphy, who was present in the hospital room with Colonel Murphy and Mr. Barnes when the Change of Beneficiary was executed. Defendant's final witness was Dr. Stephen C. Mathewson, an expert in internal medicine and cardiology, whose testimony consisted largely of explaining the nature of the various drugs administered to Colonel Murphy according to the hospital records, and who gave opinion evidence as to the effects of these drugs on a person in the physical condition revealed by the hospital records.

■ On the basis of the foregoing evidence I am not persuaded that plaintiff has sustained her burden of proving that Colonel Murphy was lacking in capacity to execute a valid Change of Beneficiary. On the contrary I find, on the basis of the testimony of Mr. Barnes, whose testimony I find credible, and in the light of the hospital records as explained by Dr. Mathewson, that Colonel Murphy was in possession of his faculties on August 8, 1960, and then had the proper mental capacity to execute a valid and proper Change of Beneficiary. I do not find Dr. Lansing's statement (Ex. 2), to the effect that Colonel Murphy lacked capacity, persuasive, because of the reservation he expressed when testifying on deposition (Ex. 3).

■ It is clear that Colonel Murphy had the legal right to change beneficiaries at all times during his lifetime. 38 U.S.C.A. § 749; Kimball v. United States, 197 F.Supp. 124 (N.D.Ohio, 1961). Cf.

Wissner v. Wissner, 338 U.S. 655, 658, 661, 70 S.Ct. 398, 94 L.Ed. 424 (1950).

The United States is directed hereby to make payment of the proceeds of the insurance policy, pursuant to the Change of Beneficiary executed on August 8, 1960, to Iola H. Murphy, Executrix of the Estate of John D. Murphy.

Judgment for defendants, without costs.