683 P.2d 507

**Pat HOOK, Plaintiff-Appellee,**

v.

**Phyllis HOOK, personally and the Estate of Bruce Hook, Defendant-Appellant.**

No. 14934.

Supreme Court of New Mexico.

June 28, 1984.

Anne Kass, Albuquerque, for plaintiff-appellee.

Carl J. Schmidt, Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Justice.

Phyllis Hook, second wife and widow of Bruce Hook, appeals the trial court's determination that she received the proceeds from a Government Life Insurance policy (GLI), upon her husband's death, in constructive trust for the benefit of Pat Hook, Bruce's first wife. Phyllis contends that the trial court had no jurisdiction to decide the matter and that the decision was otherwise wrong on the merits. The case presents discrete issues of first impression in this jurisdiction.

Following a trial on Pat Hook's complaint for restitution, in which she alleged that she had been deprived of certain insurance proceeds contrary to the provisions of a divorce decree requiring that she be maintained by Bruce as the beneficiary of four policies, the trial court made the following findings:

2. Plaintiff was divorced from Bruce Hook on April 6, 1978, in Cause No. DR–77–04593, Bernalillo County.

3. The Final Decree thereon ordered Bruce Hook to maintain certain life insurance policies to the benefit of Plaintiff. One of these policies was Veterans Administration Insurance Policy No. V–16012082310–295C.

4. Defendant married Bruce Hook on September 19, 1981.

5. Thereafter, Bruce Hook changed the beneficiary of Veterans Administration Insurance Policy No. V–16012082310–295C, from Plaintiff to Defendant, in violation of the Final Decree in Cause No. Dr 77–04593. This was done without the knowledge and consent of Plaintiff.

6. On February 9, 1982, Bruce Hook died.

7. Defendant made application for and received $10,000.00 from the Veterans Administration policy. The money was received prior to April 1, 1982. Defendant refused to deliver the monies received on this policy to Plaintiff.

8. That at the time of trial herein no person had opened a probate proceeding for the estate of Bruce Hook.

The court's conclusions were:

1. The Court has jurisdiction over the parties and the subject matter of this suit.

2. The Final Decree filed in Bernalillo County District Court Cause No. DR–77–04593 was a valid and binding decree, and Bruce Hook wrongfully changed the beneficiary provisions of Veterans Administration Insurance Policy No. V–16012082310–295C.

3. The proceeds of the Veterans Administration Insurance Policy No. V–16012082310–295C in the amount of $10,000.00 are rightfully the property of Plaintiff.

4. Defendant received the Veterans Administration policy proceeds of $10,000.00 in constructive trust for Plaintiff.

5. To allow Defendant to retain said proceeds would result in unjust enrichment to her.

6. Pursuant to § 56–8–3 NMSA (1978), Plaintiff should recover interest on the $10,000.00 from April 1, 1982, until paid at the rate provided therein.

7. Plaintiff should recover her costs.

Phyllis Hook argues that (1) the federal courts have exclusive jurisdiction of controversies over Government Life Insurance policies; (2) that Bruce Hook had the absolute right to change beneficiaries; and (3) that the court committed error in concluding that the proceeds rightfully were the property of Pat and that to permit Phyllis to retain the proceeds would result in Phyllis's unjust enrichment.

## I.

We answer the first two of Phyllis's contentions together because Phyllis relies on 38 U.S.C. § 717(a) (1979) to establish both propositions. That statute provides unequivocally that, with respect to government life insurance, "[t]he insured shall have the right to designate the beneficiary * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries."

■ We agree with Phyllis and hold that her second point is well taken. The statute is unambiguous; where the issue has been raised, courts have invariably held that the insured's right to change beneficiaries, for whatever reason, is absolute and is not to be denied by either a federal or state court. *See, e.g., Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); *Roecker v. United States,* 379 F.2d 400 (5th Cir. 1967), *cert. denied,* 389 U.S. 1005, 88 S.Ct. 563, 19 L.Ed.2d 600 (1967).

■ As to Phyllis's first point, *i.e.,* that only a federal court has jurisdiction over cases concerned with GLI claims, she is mistaken. Federal law governing such insurance policies will be applied, *Wissner v. Wissner; Dyke v. Dyke* 227 F.2d 461 (6th Cir.1955). There is no impediment that we know of, however, which prevents a state court from applying federal law to federally controlled issues arising in state

courts, any more than a federal court is prevented from applying state law to issues arising in a case filed in federal court which are properly governed by state law. *See Roecker; De Silva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956). As we said in *United Nuclear Corp. v. General Atomic Co.,* 98 N.M. 633, 642, 651 P.2d 1277, 1286 (1982):

A congressional intent to establish exclusive jurisdiction in the federal courts is not to be lightly inferred. *Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Jurisdiction in the state court must be affirmed "where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case." *Claflin v. Houseman,* 93 U.S. 130, 136, 23 L.Ed. 833 (1876).

We are not cited to any federal statute conferring exclusive jurisdiction in the federal court, nor have we found any. The trial court's Conclusion No. 1 was correct.

## II.

We come, therefore, to the meat of this appeal: If decedent had the absolute right to change beneficiaries, can the terms of a state divorce decree dictate the disposition of the insurance proceeds to one other than the named beneficiary?

We observe at the outset that this suit is not an attack on the validity or effectiveness of Bruce Hook's change of beneficiary designation. The complaint alleged that, under the divorce decree, Bruce was obliged to maintain Pat as beneficiary of four insurance policies, the policies which had been determined to be items of community property, and one of which was the insurance policy here at issue. The complaint alleged unjust enrichment.

According to Pat's complaint and the evidence at trial, after the divorce Bruce urged her to agree to his surrender of one of the policies so that the proceeds could be used as his down payment on a house. Pat agreed to release her entitlement as the beneficiary of that policy. After Bruce's death it was discovered that he had named Phyllis as the beneficiary on the GLI policy and that he had reduced the benefits of the other two policies by borrowing almost half the death value on one, and by converting a $10,000 policy from ordinary life to paid-up insurance worth $4,995, and then borrowing almost half of the value on that policy. Thus, on the three remaining policies, one of which was the GLI policy, from which she had been awarded approximately $26,-000 in benefits by the divorce decree, Pat received a total of $6,200 at Bruce's death. She asked for restitution as a result of unjust enrichment to the estate of Bruce Hook and to Phyllis. It may be of some significance to note that during her marriage to Bruce and at the time of trial, Phyllis worked as a life insurance agent.

In our own research we have discovered a federal statute not cited by either party, nor called to the attention of the trial court, which appears to bear on the decision we must make. 38 U.S.C. § 3101(a) (1979) provides:

Payments of benefits due or to become due under any law administered by the Veterans Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

The benefits under a GLI policy are administered by the Veterans Administration.

Numerous state and federal courts have construed Section 3101(a) to deny the efficacy of any state court order or divorce decree directing an insured to maintain any specific person as beneficiary of a GLI or National Service Life Insurance policy. *See Hoffman v. United States,* 391 F.2d 195 (9th Cir.1968), and cases therein collected.

In *Kimball v. United States,* 304 F.2d 864 (6th Cir.1962), the court affirmed the trial court's decision denying benefits to one whose status and claim (a divorced

wife entitled to the proceeds of her husband-veteran's insurance proceeds by reason of a divorce decree) were identical to the petitioner's here. *See Kimball v. United States*, 197 F.Supp. 124 (N.D.Ohio 1961). The trial court in *Kimball* held that "the purported irrevocable transfer arising out of the divorce proceedings was in effect and tantamount to an assignment and forbidden by the Act ... [relating to the government insurance in contention]." *Id.*, 197 F.Supp. at 125. *Williams v. Williams*, 255 N.C. 315, 121 S.E.2d 536 (1961), is another case with similar facts on a government insurance claim made by a divorced wife, with a decision likewise upholding the new beneficiary's right to receive the insurance proceeds. *Williams*, too, cites cases from other jurisdictions which were factually identical to the case before us, and in each instance relief was denied because of the veteran's unqualified right to change the designated beneficiary, and the divorce court's lack of authority to create a debt or assignment of the proceeds of the policy. *See, also*, to same effect, *United States v. Donall*, 466 F.2d 1246 (6th Cir.1972); *Baratta and Baratta*, 18 Or.App. 261, 524 P.2d 1233 (1974); *Reed v. Reed*, 29 Colo.App. 199, 481 P.2d 125 (1971).

Other courts, however, have imposed or would approve a trust upon the proceeds if, among other facts developed, it was shown that it was the intention of the insured that the named beneficiary receive the proceeds for the benefit of the one seeking the trust. *Pritchett v. Etheridge*, 172 F.2d 822 (5th Cir.1949); *Voelkel v. Tohulka*, 236 Ind. 588, 141 N.E.2d 344, 70 A.L.R.2d 1349, *cert. denied*, 355 U.S. 891, 78 S.Ct. 263, 2 L.Ed.2d 189 (1957). There was no such evidence in the instant case; to the contrary, the evidence and inferences indicate the veteran's clear intention to name his second wife, Phyllis, as beneficiary of his government policy.

We are compelled, upon the precedent above recited, to reverse that portion of the decree which imposed a constructive trust specifically upon the proceeds of Bruce Hook's GLI policy. That is not to say, however, that under the pleadings in this case, which alleged unjust enrichment of Phyllis Hook as a result of Bruce's disregard of the trial court's order disposing of all of the community property of the parties (which included the proceeds of the four insurance policies), that in accordance with equitable principles Phyllis Hook may not have taken some of the proceeds of decedent's estate in constructive trust for Pat Hook. *See Boardman v. Kendrick*, 59 N.M. 167, 280 P.2d 1053 (1955).

The judgment declaring a constructive trust upon the proceeds of the GLI policy is reversed; the case is remanded for such further proceedings as may be consistent with this Opinion. IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.