**VON DER LIPPI–LIPSKI v. UNITED STATES et al.**

(Court of Appeals of District of Columbia. Submitted December 10, 1924. Decided February 2, 1925.)

No. 4145.

Army and navy &#9740;51½, New, vol. 12A Key-No. Series — Insured's agreement not to change beneficiary in consideration of money advanced held invalid.

Agreement of insured not to change beneficiary named in policy issued by the United States under the War Risk Insurance Act (Comp. St. § 514a et seq.), in consideration of money advanced to insured by such beneficiary, *held* invalid under section 28, as added by Act June 25, 1918, § 2 (Comp. St. Ann. Supp. 1919, § 514nnn¼), in so far as it affected the right of the insured to change the beneficiary.

Appeal from Supreme Court of District of Columbia.

Action by Elaine Von Der Lippi-Lipski against the United States and another. Judgment of dismissal, and plaintiff appeals. Affirmed.

W. B. Thomas, of Washington, D. C., for appellant.

Peyton Gordon and V. E. West, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The appellant, the plaintiff below, averred in her amended bill of complaint that her son, the late Lieut. Wendell K. Phillips, deceased, was born on the 30th day of April, 1901, and died on the 5th day of June, 1923; that while in the military service of the United States he applied for and received a policy of war risk insurance, in the sum of $10,000; that plaintiff was named as beneficiary therein; that prior to the date of the issuance of such policy of insurance, plaintiff was duly appointed legal guardian of Lieutenant Phillips and continued as such guardian until the 30th day of April, 1922; that while she was named in the policy of insurance as the beneficiary thereunder, and during the existence of the relationship of guardian and ward, she advanced to her son certain sums of money with which to pay the premiums due and payable on such policy, as well as for other purposes, the entire amount thus advanced being in excess of the sum of $2,000; that each time she advanced money for the purposes recited, it was understood and agreed, by plaintiff and her son, that in consideration of such advances, plaintiff would continue as beneficiary under such policy of insurance and that no change in that respect would be made therein; that no part of such sum or sums of money was ever repaid to plaintiff; that during the minority of Lieut. Phillips, he married the defendant Dorothy Rains Phillips, and without the knowledge or consent of plaintiff signed an instrument in writing purporting and attempting to name his wife, Dorothy Rains Phillips, as beneficiary under such policy of insurance, and caused the same to be mailed to the Veterans' Bureau; that such attempted change of beneficiary in such insurance policy was in derogation of the rights of plaintiff. It was further averred that, unless restrained from so doing, the director and the officials of the

Veterans' Bureau would pay the proceeds of the insurance policy amounting to the sum of $10,000, to the defendant Dorothy Rains Phillips, contrary to the rights of plaintiff.

Plaintiff claimed that she was entitled to the proceeds of the policy and prayed for an order requiring the officials of the Veterans' Bureau to pay the same to her.

The defendant the United States of America interposed a motion to dismiss the amended bill of complaint on the following grounds: First, that the United States of America had not consented to be sued in this action; second, that the United States has consented to be sued only in an action at law by the beneficiary named in the contract of insurance, and that it affirmatively appears from the amended bill of complaint that the plaintiff is not named as beneficiary in such policy; third, that it appears from the amended bill of complaint that the name of Dorothy Rains Phillips, wife of Lieut. Wendell K. Phillips, had been substituted by the insured for that of plaintiff as beneficiary in the policy of insurance; fourth, that it appears from the amended bill that the substitution of his wife, Dorothy Rains Phillips, as beneficiary under said contract, had been affirmed and ratified by Lieut. Phillips after he attained his majority; fifth, that the alleged agreement with plaintiff, made while the insured was a minor, had been repudiated by Lieut. Phillips; sixth, that the alleged agreement between plaintiff and Lieut. Phillips was in effect an assignment of the insurance, which is prohibited by section 28 of the War Risk Insurance Act (Comp. St. Ann. Supp. 1919, § 514nnn¼).

The motion was sustained, and as against the defendant the United States of America the bill of complaint was dismissed. From this order and decree the plaintiff has appealed.

From the general purpose and subject-matter of the War Risk Insurance Act, and the amendments thereto, it is apparent that Congress intended to extend to minors, who served in the armed forces of the United States, all of the rights and privileges, and to subject them to all of the conditions and limitations, contained therein. Minors are not excepted from its operation. No distinction is made as to age. They were not only eligible to service, but were drafted into the military and naval forces during the war, and the only limitation as to age is that provided by the laws and regulations pertaining to such service.

The act under consideration granted the right to contract with the government for insurance. It provided that the insured might change the beneficiary of such insurance, within the permitted class, without the consent of any beneficiary named in the policy. It provided "that the allotments and family allowances, compensation, and insurance payable under articles II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under articles II, III, or IV; and shall be exempt from all taxation."

It has been held repeatedly that a beneficiary under such a contract of insurance did not have a vested interest in installments of insurance not accrued, and that such contract is not an ordinary contract of insurance, nor is it in the nature of a pension, but is rather of the character and nature of both. It has also been held that the authority of the insured, expressly conferred by statute, to designate whomsoever he desired, within the permitted class, as beneficiary under such contract of insurance, was effective, when exercised by the insured, as against those who would otherwise have been entitled to benefits thereunder. Cassarello v. United States (D. C.) 271 F. 486, affirmed by the Circuit Court of Appeals, 279 F. 396; Claffy v. Forbes (D. C.) 280 F. 233; Horst v. United States (D. C.) 283 F. 600; Gilman Heirs v. United States (D. C.) 290 F. 614.

We are of the opinion that the agreement, alleged in the amended bill of complaint to have been entered into by the plaintiff and the insured, was invalid, in so far as it affected the right and authority of the insured to change the beneficiary under the contract of insurance. To hold otherwise would do violence to the plain and ordinary meaning of the language expressive of the legislative intent.

It affirmatively appearing in the amended bill of complaint that the insured substituted the defendant Dorothy Rains Phillips, wife of the insured, in the place of the plaintiff, as beneficiary of such insurance, the motion by the government to dismiss the amended bill as against the United States of America was properly sustained. It is unnecessary, for a proper disposition of the case, to consider the question as to whether the government has consented to be sued in an action of this character.

The decree is affirmed, with costs.

Affirmed.