### UNITED STATES v. STERLING.

(Circuit Court of Appeals, Second Circuit. June 4, 1926.)

No. 360.

1. **Army and navy** ⚙⇒51½, New, vol. 12A Key-No. Series.

Under War Risk Insurance Act (Comp. St. Ann. Supp. 1919, § 514a et seq.), no beneficiary has or can have any rights against United States, except such as have been given and not taken away by insured.

2. **Army and navy** ⚙⇒51½, New, vol. 12A Key-No. Series—Estranged wife, refusing to surrender war risk policy for change of beneficiary held not entitled to recover on policy on death of insured after issue of duplicate policy on which change was indorsed (War Risk Insurance Act, §§ 402, 404 [Comp. St. Ann. Supp. 1919, §§ 514uuu, 514vv]).

Where the United States, on refusal of estranged wife of former soldier to surrender war risk insurance policy, on which she had paid premiums and wherein she was named beneficiary issued a duplicate policy and indorsed thereon a change of beneficiary, held in action by wife on policy after insured's death, verdict should have been directed for the United States, in view of War Risk Insurance Act, §§ 402, 404 (Comp. St. Ann. Supp. 1919, §§ 514uuu, 514vv).

In Error to the District Court of the United States for the Eastern District of New York.

Action by Alma B. Sterling against the United States. Judgment for plaintiff, and the United States brings error. Reversed, and new trial ordered.

Mrs. Sterling, the plaintiff below, is the widow of a soldier insured by the United States under the War Risk Insurance Act (40 Stat. 398 [Comp. St. Ann. Supp. 1919, § 514a et seq.]). For some time before Sterling's death his policy was of the "twenty payment life" kind, and until within a few months of his decease the plaintiff was the beneficiary named in the policy. She had physical possession of the policy, and herself paid the premiums. This method of payment is said to have resulted from a bargain between husband and wife, to the effect that, if she would let him take the surrender value of another policy on his life in a private company, she would keep the United States policy, and on paying the premiums herself receive the 20 payments after his death. Some time before he died, Sterling quarreled with and separated from his wife, and evidently wished to deprive her of his war risk insurance.

Sections 402 and 404 of the statute (40 Stat. 409, 410 [Comp. St. Ann. Supp. 1919, §§ 514uuu, 514vv]) give ample power to the Secretary of the Treasury to make and change regulations governing the administration of the law, and the statute itself declares that, "subject to regulations, the insured shall at all times have the right to change the beneficiary * * * of such insurance without the consent of such beneficiary." The form of policy issued to Sterling required that, when a change of beneficiary was wanted, notice of change must be given, "accompanied by the policy for an indorsement of the change thereon." Further the policy declared that the substitution should "not take effect unless such change is *indorsed on the policy.*"

Sterling duly gave notice to the proper Bureau of the Treasury that he changed the beneficiary from his wife to his father and sister; the Bureau advised Mrs. Sterling that such change required indorsement on the policy, unless Sterling made affidavit that he had lost the policy beyond hope of recovery. On

this Mrs. Sterling wrote the Bureau that she had the policy, would not surrender it, and asked that, if Sterling filed "affidavit to effect that the original policy is lost beyond recovery, please disregard same."

Sterling then filed such an affidavit, and the Bureau issued a duplicate policy, and indorsed the change of beneficiary upon it. In a few months he died, the Bureau recognized his father and sister as the beneficiaries, and Mrs. Sterling brought this suit, in which the new beneficiaries were permitted to intervene. The trial judge directed judgment in favor of plaintiff, and the United States brought this writ.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (James T. Brady, of New York City, of counsel), for the United States.

Jay, Smith & Jay, of Brooklyn, N. Y. (William J. Smith, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The statute gives to the insured under the statutory policy an absolute right to change beneficiaries without their consent. The corollary to this rule is that under the act no beneficiary has or can have any rights as against the insurer—i. e., the United States—except such as have been given and not taken away by the insured.

[2] The difference between the policy at bar and many issued by private companies is fundamental. In the latter a policy becomes a contract between the insured and the assignee, i. e., the beneficiary; while the status of policies like Sterling's has been authoritatively declared in White v. United States, 46 S. Ct. 274, 70 L. Ed. ——, filed March 1, 1926, thus:

"The insurance was a contract, to be sure, * *. * but it was not one entered into by the United States for gain. * * * It was a relation of benevolence, established by the government at considerable cost to itself, for the soldier's good. * * * If the soldier was willing to put himself into the government's hands, * * * no one else could complain. The only relations of contract were between the government and him."

At trial plaintiff asserted, "Our action is an action on contract," and so it is in form— an action on the policy. The trouble is that the policy does not and cannot express a contract between his beneficiary and the government, until (at all events) the beneficiary's interest vests by death of the insured;

and on this point we quote from the White Case, supra, changing names to suit the present litigation: "Sterling's wife's interest at his death was vested only so far as he and the government had made it so. They did agree to terms that cut her rights down to" nothing.

Plaintiff seems to think that physical possession of the policy enabled her to prevent Sterling and the government doing what they otherwise admittedly had good right to do. But the policy was evidence of contract, nothing more; and the Treasury, having statutory power to make regulations, could and did regulate the unexpected case of a hostile wife.

We hold that the beneficiary was properly changed, and the verdict below should have been directed for defendant.

Judgment reversed, and new trial ordered.