LEWIS v. UNITED STATES et al.

No. 4459.

Circuit Court of Appeals, Third Circuit.

Feb. 15, 1932.

564

John B. Nicklas, Jr., of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and Wm. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, L. A. Lawlor, and D. W. Washburn, all of Washington, D. C.

Wm. H. Stanton, of Pittsburgh, Pa., for Virginia T. Mossett.

Before BUFFINGTON, WOOLLEY and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Pennsylvania refusing to remove a judgment of nonsuit and to direct a new trial. The facts of the case are as follows:

William R. Mossett was a soldier of the United States during the World War. He was honorably discharged March 6, 1919. He made application for the reinstatement and conversion of $2,000 of his war risk term insurance, as he was entitled to do under Act June 2, 1926, 44 Stat. 686 (38 USCA § 512). In response to this application, a policy naming Mary C. Lewis, his aunt, beneficiary, was issued and delivered to him on July 1, 1927. The insured, by letter to the Veterans' Bureau dated August 19, 1928, directed that Virginia T. Mossett, whom he named as his wife, be designated the beneficiary in place of Mary C. Lewis. The change was made a few days later. On December 5, 1928, the insured died. The United States Veterans' Bureau refused to pay the proceeds of the policy to Mary C. Lewis, the first named beneficiary, because its records showed that Virginia T. Mossett was the beneficiary. A contest, therefore, arose between Mary C. Lewis and Virginia T. Mossett as to the distribution of the proceeds of the policy. Mary C. Lewis brought suit against the United States and Virginia T. Mossett as defendants.

The plaintiff claimed and offered testimony to prove (1) that she had a vested interest in the proceeds of the policy under an agreement with the insured for a valid consideration that she was to be named the beneficiary and that the beneficiary would not be changed; (2) that the change making Virginia T. Mossett beneficiary was invalid because she was not the wife of the insured, and did not come within the permitted class of beneficiaries set forth in the War Risk Insurance Act; (3) that, at the time the insured directed the change, he was incompetent by reason of intoxication; (4) that the change of beneficiary was invalid because it was made on a Sunday and was therefore contrary to the law of Pennsylvania.

Upon trial by jury, the District Judge, on motion of defendants, entered judgment of compulsory nonsuit.

■ An agreement not to change the beneficiary named in an insurance policy issued by the United States under the War Risk Insurance Act in consideration of money advanced to the insured by the beneficiary is invalid, and cannot be enforced so as to prevent the insured from changing the beneficiary. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530; Von Der Lippi-Lipski v. United States, 55 App. D. C. 202, 4 F. (2d) 168; United States v. Sterling, 12 F. (2d) 921 (C. C. A. 2). The trail judge, therefore, rightly excluded evidence offered of such agreement which, it was claimed, had been entered into between the plaintiff and the insured.

■ The right of Virginia T. Mossett, designated as beneficiary by the soldier in his letter to the Veterans' Bureau on August 19, 1928, to collect on the policy without proof that she was the insured's lawful wife, depends on whether the Act of May 29, 1928, permits designation of any person as beneficiary of converted insurance without regard to a permitted class. Section 300 of the Act of June 7, 1924 (38 USCA § 511), provided:

"The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person."

The enumeration of beneficiaries in the act related to both yearly renewable term insurance and converted life insurance. The act May 29, 1928, § 13 (38 USCA § 511), amended the 1924 act so as to read: "Yearly renewable term insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person."

In that language converted insurance is not included.

The United States Veterans' Bureau has uniformly construed the 1928 act as allowing the insured to designate the beneficiary in a policy for converted insurance without regard to any permitted class. Regulations

and Procedure of the United States Veterans' Bureau, vol. 2, p. 77, § 3035. A report of the House Committee of Congress, which is in substance identical with that of the report of the Senate Committee (Report No. 1297, 70th Congress, First Session, to accompany H. R. 13039) is quoted in the margin.[1]

From these reports it is obvious that the intention of Congress was to remove any restrictions upon designation of beneficiaries in converted life insurance policies.

 The plaintiff cites decisions to the effect that a life insurance policy may not be issued in favor of one not having an insurable interest in the life of the insured. In the instant case, the beneficiary, when the policy was issued, was his aunt,. who had an insurable interest. The question here is not ruled by the cases cited, but comes within the principle announced by the Supreme Court in Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863. It was there held that the rule of public policy, which forbids the issuance of insurance to one having no insurable interest in the life of the insured, does not prohibit the assignment by the insured of an existing valid policy to one not having an insurable interest. The designation by the insured of Virginia T. Mossett had the same effect as an assignment and, therefore, evidence that Virginia T. Mossett was not the wife of the insured and that she had no insurable interest was immaterial.

 The plaintiff contended that the change in beneficiary was void because made by the insured at a time when he was so intoxicated as to be incompetent. The plaintiff produced witnesses whose testimony tended to show that on the date and both before and after the time of day when the change in beneficiary was made the insured was so intoxicated that he did not know what he was doing. The plaintiff called as a witness on her behalf the defendant Virginia T. Mossett as for cross-examination. That testimony is fairly stated by the learned trial judge as follows: "* * * The uncontradicted evidence is that on the evening of August 19, 1928, the insured, Virginia Turner Mossett and two guests were at the home of the insured; that in a conversation about life insurance it was stated by one of the guests that the family of a deceased soldier had trouble because no beneficiary was named in his policy; Mossett thereupon retired into an adjoining room and while there, alone, wrote the paper changing the name of the beneficiary from the aunt to Virginia Turner Mossett; he placed this paper in an envelope, which he addressed and delivered to Virginia Turner Mossett, directing her to mail it, telling her what he had done."

There being no testimony to contradict that of Virginia T. Mossett concerning the acts of the insured at his house in her presence and that of other guests, the court held that the plaintiff was concluded by her testimony, citing Morningstar v. North East Penna. R. Co. et al., 290 Pa. 14, 137 A. 800. The testimony as to the intoxicated condition of the insured while upon the streets in the morning and afternoon of the same day, however, was sufficient to raise a question as to the competency of the insured at the time the change was made, and should have been submitted to the jury.

 It is undisputed that the letter directing the change in beneficiary was written and mailed on a Sunday. The plaintiff contended that the change was invalid because of the Pennsylvania Act of April 22, 1794, 3 Smith's Laws, p. 177, § 1 (18 PS § 1991), which provides: "If any person shall do or perform any worldly employment or business whatsoever on the Lord's day, commonly called Sunday (works of necessity and charity only excepted), shall use or practice any unlawful game, hunting, shooting, sport or diversion whatsoever on the same day, and be convicted thereof, every such person so offending shall, for every such offence, forfeit and pay four dollars, to be levied by distress."

The plaintiff also maintained, as previously indicated, that the change in beneficiary was invalid because made by the insured when he was intoxicated. The court held that, although the change may have been made by the insured at a time when he was so intoxicated as to be incompetent, and although it was made on a Sunday, the contract was not void but voidable, that it was subject to ratification, and that the lapse of time between

[1] "Section 13 amends section 300 of the act by removing the restriction on the designation of a beneficiary for converted insurance to a permitted class. The permitted class of beneficiaries will still remain in the statute in so far as yearly renewable term insurance is concerned. The committee is of the opinion that in view of the fact that the insured under converted insurance is paying an ample premium for the protection afforded, he should be given the same right with regard to designating a beneficiary, or changing a beneficiary, as he would have under a commercial insurance policy. This amendment will make unnecessary the amendment providing that trustees be included among the permitted class of beneficiaries for converted insurance. There will be no additional cost attached to this amendment." (Congressional Record Part 6, page 6574.)

the date when the change was made and the date of the insured's death was sufficient as a matter of law to establish ratification. Whether or not a contract is ratified is a question of fact. There was no evidence to show that the insured either remembered that he had made a change in beneficiary or that he had been informed thereof. We do not deem the mere lapse of time sufficient to create a presumption that the insured had knowledge of the change. The evidence of ratification should have been submitted to the jury under proper instructions. The learned judge was therefore in error in failing to submit the question for determination by the jury.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.