### TOHULKA v. UNITED STATES.
#### No. 10787.

United States Court of Appeals
Seventh Circuit.
May 28, 1953.

Louis M. Hammerschmidt, Milton A. Johnson, Bruce C. Hammerschmidt, and Hammerschmidt & Johnson, all of South Bend, Ind., for appellants.

James E. Keating, Asst. U. S. Atty., South Bend, Ind., George Sands, South Bend, Ind., Maurice M. Tulchinsky, South Bend, Ind., for appellees.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs appeal from a judgment dismissing their amended complaint for want of jurisdiction. Briefly, the facts are that Richard H. Tohulka, a deceased soldier, who entered the military service of the United States before December 1, 1941, and who was killed in action April 22, 1945, while in service, applied for and was granted National Service Life Insurance for $10,000, evidenced by one certificate for $1500 and one for $8500. On January 22, 1943, he designated as beneficiary, his sister, Helen Augusta Voelkel and, as contingent beneficiary, another sister, Edna Elizabeth Pratt. These facts are undisputed.

Plaintiffs, brothers and sisters of insured, averred that before his death he directed defendant, the designated beneficiary Helen Augusta Voelkel, to distribute the proceeds of the insurance equally to herself and his other brothers and sisters, except his brother, Randall Tohulka, for whom he had made other provision; that she promised that, when and if the insurance matured, she would in equal shares distribute it to the brothers and sisters as requested; that the insured later corroborated this arrangement by inserting in his will, on or about January 22, 1943, a provision to the same effect; that the insurance remains in full force and effect; that Helen, as beneficiary, has been paid insurance benefits to the extent of some $2900; that she has accounted to her brothers and sisters for $238.71; that there remains a balance to be paid to her of $7,066.31; that she has refused and continues to refuse to distribute any of the sums collected in accord with the alleged agreement and has thereby violated the terms of the trust. The complaint prayed that the certificates of insurance be reformed to include all six brothers and sisters as beneficiaries; that specific performance of the alleged trust be decreed and that defendant Helen and her sister be directed to account for all sums previously collected and required to pay those to be collected thereafter to the brothers and sisters in accord with the alleged agreement.

On this appeal plaintiffs expressly disclaim any intention to "seek to change the beneficiary of the insurance" and state that "the gravaman of the amended complaint" is "an action * * * brought to impose and establish a trust for the benefit of plaintiffs upon the proceeds of insurance * * * paid and to be paid to the * * * designated beneficiary". In other words, they do not contend that the designation of the two sisters, Helen Augusta and Edna E. as beneficiaries is invalid or has been changed but seek to have the funds already received by Helen and those hereafter to be paid to her by the government as designated beneficiary be declared trust funds. Plaintiffs' position here is that, in view of the fact that a suit to recover insurance was within the court's jurisdiction, the court had jurisdiction also to do complete justice by declaring a trust in the funds previously collected and to be collected in the future. They admit that diversity of citizenship does not exist, but ground their prayer for relief wholly upon the argument that, inasmuch as national insurance was involved, the court had jurisdiction of the separate controversy between plaintiffs and defendants as to the existence of a trust and enforcement of its terms.

The statute under which the District Court acquired jurisdiction in such cases, Title 38 U.S.C.A. § 817, provides that, in the event of a disagreement as to any claim against the government arising concerning such insurance, suit may be brought in accord with Sections 445 and 551. Section 445 provides that, in the event of a disagreement, an action may be brought against the United States in the district in which the claimant resides and the court shall have jurisdiction to hear and determine the conflicting demands of all claimants against the government. Consequently, the jurisdiction granted and the consent to be sued are limited to the determination of conflicting claims under certificates of insurance. Here it is clear that there is no dispute as to the government's liability to pay to the designated beneficiary and no dispute as who is in fact the beneficiary. The whole controver-

sy is one between private parties concerning transactions between themselves. In other words, it is a suit by plaintiffs against the two sisters, to have the court declare that any money they rightfully obtain as designated beneficiaries shall be held in trust for all brothers (save one) and sisters of the insured.

 This controversy is not one based upon diversity of citizenship. It is not within the category of claims permitted by the statute under which the court acquired jurisdiction. True, the District Court is a court of equity and when it has jurisdiction of the parties and the subject matter, it may retain jurisdiction in order to do complete justice, but where it has no jurisdiction arising from diversity of citizenship, as in this case, and the suit is a private controversy between third persons involving the government in no way, then the court may not act. In other words, consent to be sued must be construed in accord with the subject matter expressly committed to the jurisdiction.

The language of Pack v. United States, 9 Cir., 176 F.2d 770, 772 is directly in point. There the court said: "In granting permission to be sued in cases of this character the United States was dealing with claims against it and did not consent to be brought into litigation which could expand into the trial of collateral causes of action between the original plaintiff and third parties. Moreno v. United States, 1 Cir., 120 F.2d 128. The mother, a resident of another state, was summoned into the United States District Court of California to assert her claim against the United States, not to permit the adjudication of separate and distant causes and action which third parties might attempt to assert against her. The wife, in order to have the community property right adjudicated, is required to resort to an independent action because litigation of the community property rights of the wife and mother is not a determination of a claim against the United States." " * * * It would seem improper, therefore, to combine a proceeding to hear a dispute which the district court is given jurisdiction to hear under 38 U.S.C.A. § 445 with some other

form of proceeding that might involve matters which the United States has not consented to litigate. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. * * * There was no jurisdiction to determine whether the proceeds, once received, should be held under some kind of a trust for the benefit of the appellant or whether Lilly Pack should be compelled to execute an assignment of one-half the proceeds to the appellant, assuming such an involuntarily executed assignment to be authorized by 38 U.S.C.A. § 816."

The First Circuit in Moreno v. United States, 120 F.2d 128, 130, held to the same effect in these words: "we find nothing * * * which suggests that the United States consents to be sued in litigation which may expand into a trial of multifarious collateral causes of action between the original plaintiff and third persons. * * * In the absence of any explicit statutory expression of consent by the United States, this issue is not to be complicated and perhaps delayed in adjudication by the joinder of other causes of action between the rival claimants."

Plaintiffs rely upon certain other cases. In Burgess v. Murray, 5 Cir., 194 F.2d 131, the decision turned upon whether the insured had made a valid change of the beneficiary and the court, having determined that question in the affirmative, rightfully concluded that it could proceed in accord with that change. In De Motts v. United States, D.C., 101 F.Supp. 770, there was diversity of citizenship between the parties to the private controversy, and the court, having jurisdiction of them by virtue of that fact, had authority to adjudicate the controversy between them. In Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836, the court again, having found that there had been an express change of beneficiary, had jurisdiction of all conflicting claims.

We think there can be no question but that in view of the nature of this controversy, in the absence of diversity of citizenship, the court had no jurisdiction to entertain and determine the controversy between the third persons.

The judgment is affirmed.