**Emma May KASKE, Ernest Lyle Kaske, and Elenor May Bratt, Plaintiffs,**

**v.**

**Dollie L. ROTHERT, Ernest W. Rothert, Charles E. Rothert, and Veterans Administration, Defendants.**

**No. 17840.**

United States District Court

S. D. California, Central Division.

Aug. 24, 1955.

428

Edwin F. Beach, Santa Paula, Cal., for plaintiffs.

Norris Montgomery, Santa Barbara, Cal., for defendant, Dollie L. Rothert.

Laughlin E. Waters, U. S. Atty., Andrew J. Davis, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant, Veterans Administration.

BYRNE, District Judge.

On February 27, 1954, plaintiff Emma May Kaske and her husband Fred J. Kaske, now deceased, entered into a property settlement agreement which included a waiver by Emma May of her community property interest in a National Service Life Insurance policy and an agreement by Fred that until his remarriage, if any, the children of the parties would be named as beneficiaries of the policy. The property settlement agreement was incorporated in a subsequently granted interlocutory divorce decree. Fred had changed the beneficiary of the policy from his wife to Dollie L. Rothert on January 15, 1954, and when he died on July 21, 1954, prior to the entry of a final decree of divorce, the defendant Dollie Rothert was still the named beneficiary.

In this action plaintiffs Ernest L. Kaske and Elenor M. Bratt, children of Emma May and Fred, and their mother Emma May seek the proceeds of the insurance policy or damages in the same amount, i. e., $10,000.

██ ██ The complaint is deficient in that it contains no statement of jurisdictional grounds, Rule 8(a) (1), Fed.Rules Civ.Proc., 28 U.S.C.A. Diversity of citizenship cannot be relied on because there are no allegations in the complaint from which diversity can be inferred. On the contrary, the plaintiffs' memorandum of points and authorities indicates that diversity could not be alleged if amendment were permitted, as it does not exist.

██ Because a National Service Life Insurance policy is involved, plaintiffs might assert that there is jurisdiction under 38 U.S.C.A. §§ 817 and 445, which allow claims against the United States on such contracts of insurance to be brought in the district court in and for the district in which the claimants or any one of them resides. However, there are no allegations regarding residency in the complaint, nor has the United States been named a party to this action. If amendment were permitted, alleging the residency requirement and naming the United States as a party, this court could not give the plaintiffs the relief they seek. The only question which it would be proper for this court to determine is to whom the United States should pay the proceeds of the policy, and the answer to this question could only be the designated beneficiary. Pack v. United States, 9 Cir., 1949, 176 F.2d 770. Nor would the fact that the decedent Fred Kaske had promised to name his children as beneficiaries require a different result, for such an agreement amounted at best to an assignment prohibited by 38 U.S.C.A. § 454a and is therefore unenforceable as far as the right to name a particular beneficiary is concerned. Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29, 33, citing among others, Von Der Lippi-Lipski v. United States, 1925, 55 App.D.C. 202, 4 F.2d 168, 169.

██ It does not necessarily follow that the plaintiffs are not entitled to assert an interest in the proceeds of the policy, but to receive such relief they must look to the state courts. In their memorandum of points and authorities, the plaintiffs state that their "* * * claim is based on a valid settlement of community property rights, actual rights which were bought and paid for by the plaintiffs herein, and therefore, the proceeding is in the nature of the 'tracing' of these rights * * * into * * * the * * * insurance proceeds * * *." For whatever reason it might be said that a trust could be imposed on the proceeds of the policy for the benefit of the plaintiffs, such determination could not be made by this court where its jurisdiction is invoked by 38 U.S.C.A. §§ 817 and 445. Pack v. United States, supra; Tohulka v. United States, 7 Cir., 1953, 204 F.2d 414.

██ This is a controversy between private litigants and whether the theory of recovery be that of constructive trust, breach of contract or inducement thereof (third cause of action), it is clear that absent diversity of citizenship this court has no jurisdiction.

The action is dismissed for want of jurisdiction. Counsel for defendants is ordered to prepare, serve and lodge a formal order pursuant to local Rule 7.