**Frances Marie HEIFNER, Plaintiff,**

v.

**Lawrence A. SODERSTROM and Mrs. Lawrence A. Soderstrom, Defendants.**

**Civ. No. 865.**

United States District Court
N. D. Iowa, W. D.

Sept. 19, 1955.

Louis S. Goldberg and P. L. Nymann, Sioux City, Iowa, for plaintiff.

Audley W. Johnson, Sioux City, Iowa, for defendants.

F. E. Van Alstine, U. S. Dist. Atty., Sioux City, Iowa, amicus curiae.

GRAVEN, District Judge.

In this action the plaintiff seeks to impose a trust upon the proceeds of a National Service Life Insurance policy which were paid to the defendant, Mrs. Lawrence A. Soderstrom. The plaintiff is a citizen of the state of California. The defendants are citizens of the state of Iowa. The insured was Erwin Barrett Heifner. He served in the armed forces of the United States in World War II. On January 1, 1942, there was issued to him a National Service Life Insurance policy in the amount of $10,000. He designated his mother, the defendant Mrs. Lawrence A. Soderstrom, as the principal beneficiary. He was separated from the military service in 1946. On August 23, 1947, he married the plaintiff. Following their marriage they made their home in California. On September 18, 1947, he designated the plaintiff as the principal beneficiary of his policy. He and she worked for an oil company until September, 1949. In September, 1949, they acquired a bulk gasoline plant at Ramona, California, which

176

they operated until some time in 1953. On November 22, 1949, the insured applied for the renewal of his policy on a level premium five-year term basis. His policy was renewed on that basis effective January 1, 1950, with the plaintiff as the sole beneficiary. In the spring of 1953 he and she became estranged. On April 2, 1953, the plaintiff instituted a divorce action in a California state court. At the time both the plaintiff and her husband were residents of that state. In her complaint in the divorce action the plaintiff alleged that her husband's National Service Life Insurance policy constituted community property. On May 29, 1953, he designated his mother the beneficiary of the policy. On October 22, 1953, the California court entered an interlocutory judgment of divorce. That judgment provided, in part, as follows:

"The Court finds that all of the allegations contained in the complaint are true, and that a divorce should be granted as prayed for in said complaint; that the family home and furnishings, Shell Oil Service Station, Packard sedan, and insurance policies * * * are community property of the parties.

"Wherefore, it is hereby Ordered, Adjudged and Decreed that the plaintiff is entitled to a divorce from the defendant; that when one year shall have expired, after the entry of this interlocutory judgment, a final judgment and decree shall be entered, granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved.

"It is further Ordered, Adjudged and Decreed that all of said community property of the parties is hereby awarded to the plaintiff. * * *."

On May 14, 1954, the insured died. Following his death the Veterans' Administration paid the proceeds of his National Service Life Insurance policy in the amount of $10,000 to his mother, the defendant Mrs. Lawrence A. Soderstrom. The defendant Lawrence A. Soderstrom received no part of the proceeds.

The plaintiff learned she was the beneficiary of her husband's policy soon after she was designated as such in 1947. The plaintiff testified that she paid the premiums on the policy thereafter until she and her husband became estranged. There was no agreement between him and her in regard to the policy save such as might be implied from the circumstances just stated. After their estrangement he paid the premiums on the policy. Neither of the defendants paid any of the premiums on the policy and neither of them paid any consideration for the change of beneficiary in favor of the defendant Mrs. Lawrence A. Soderstrom.

The plaintiff in her amended complaint alleged, in part, as follows:

"7. That on or about May 29, 1953 and after having been served with a copy of the complaint in the aforesaid divorce action and after having retained an attorney in said action and with intent to defraud the plaintiff herein said Erwin Barrett Heifner without the knowledge of the plaintiff and without consideration therefor gave notice to the Veterans Administration of a change of beneficiary under the aforementioned policy, such notice purporting to make the defendant, Mrs. Lawrence A. Soderstrom, beneficiary under said policy. * * *."

In said complaint the plaintiff further alleged:

"11. That the attempt of said Erwin Barrett Heifner to change the beneficiary of the life insurance contract as described above was a fraud against the court and a fraud against plaintiff * * *."

Subsections (g) and (i) of Section 802, Title 38 U.S.C.A., relating to National Service Life Insurance, respectively, provide as follows:

"The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: *Provided,* That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946. \* \* \*

"If no beneficiary is designated by the insured or if the designated beneficiary does not survive the insured, the beneficiary shall be determined in accordance with the order specified in subsection (h) (3) of this section and the insurance shall be payable in equal monthly installments in accordance with subsection (h) (1) or (2) of this section, as the case may be. The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments. No person shall have a vested right to any installment or installments of any such insurance and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority, as provided in subsection (h) of this section. The provisions of this subsection shall not be applicable to insurance maturing on or after August 1, 1946."

Section 816, Title 38 U.S.C.A., makes Section 454a, Title 38 U.S.C.A., applicable to National Service Life Insurance insofar as applicable. Said Section 454a provides, in part, as follows:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. \* \* \*"

The United States District Attorney for this district made application for and was given leave to appear as amicus curiae. The amicus curiae filed a written brief and argument. It is the view of the amicus curiae that what is really involved in this action is an attempt on the part of a state court to control the designation of the beneficiary of a National Service Life Insurance policy. It is the claim of the amicus curiae that the right given the insured under Subsection (g) of Section 802 to change the beneficiary or beneficiaries of his National Service Life Insurance policy without the consent of the previously designated beneficiary or beneficiaries may not be denied him by a state court.

The plaintiff and the defendants made a number of contentions in their briefs and arguments. The plaintiff contends that Section 454a and similar statutes relating to exemptions do not encompass alimony payments. The plaintiff in support of that contention cites Schlaefer v. Schlaefer, 1940, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014; In re Flanagan, D.C.1940, 31 F.Supp. 402; In re Bagnall's Guardianship, 1947, 238 Iowa 905, 29 N.W.2d 597. In this last case there is an extensive and excellent discussion of a great number of relevant cases. The cases cited and relied upon by the plaintiff and the cases discussed by the Iowa Supreme Court in the case last cited either involved pensions or veterans' relief payments, or property acquired by means of such payments or

with policies issued by private insurance companies. None of them involved National Service Life Insurance policies. The general rule is that in a divorce action the court may award the wife a life insurance policy on the life of her husband issued by a private insurance company. See annotation 145 A.L.R. 522. For annotations on related matters, see 93 A.L.R. 327; 85 A.L.R. 339; 59 A.L.R. 172; 52 A.L.R. 386.

It has been held that an award to the wife in a decree of divorce of an insurance policy issued by a private company on the life of the husband will prevail over any subsequent change of beneficiary by the husband. Mutual Life Ins. Co. v. Franck, 1935, 9 Cal.App.2d 528, 50 P.2d 480. It has been held an award made in a decree of divorce of an insurance policy issued divests the named beneficiary of his rights. United Benefit Life Insurance Co. v. Price, Wash.1955, 283 P.2d 119. In that case the Court stated Id., 283 P.2d at page 121: "The decree operates not only to vest in the spouse designated the property awarded to him or her, but to divest the other spouse of all interest in the property so awarded, except as the decree may otherwise designate."

In the case of Mutual Life Ins. Co. v. Franck, supra, the Court stated 50 P. 2d at page 484:

" * * * the insured may waive his right to change the beneficiary and by contract he may convert the contingent interest in the policy into a vested equitable interest which may not be subsequently defeated by an effort to change the beneficiary without his consent."

The policy involved in that case was one issued by a private insurance company.

The case of Wissner v. Wissner, 1950, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424, is discussed at some length in the briefs filed in the present case. In that case the husband and wife were residents of California. Shortly after the husband entered the military service he took out a National Service Life Insurance policy

in the amount of $10,000 with his wife designated as beneficiary. He became estranged from his wife. Without her knowledge or consent he named his mother as beneficiary. Upon the death of the husband the Veterans' Administration commenced paying the mother the proceeds of the policy in monthly installments. The wife brought an action against the mother in the California state court alleging that under the California community property law she was entitled to one-half of the proceeds of the policy. The trial court so held. A California District Court of Appeal affirmed. The United States Supreme Court granted certiorari and on review reversed the holding of the California District Court of Appeal. That Court stated, 338 U.S. at pages 658–659, 70 S.Ct. at page 400:

"The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g), 38 U.S.C.A. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other. Pursuant to the congressional command, the Government contracted to pay the insurance to the insured's choice. He chose his mother. It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier's choice and frustrates the deliberate

purpose of Congress. It cannot stand."

That Court, 338 U.S. at pages 659–660, 70 S.Ct. 398, distinguished the cases Schlaefer v. Schlaefer, supra, and In re Bagnall's Guardianship, supra, relied upon by the plaintiff in this action.

Prior to the decision of the United States Supreme Court in Wissner v. Wissner, supra, the United States Court of Appeals for the Ninth Circuit rendered its decision in the case of Pack v. United States, 9 Cir., 1949, 176 F.2d 770. In that case the husband and wife were residents of California. Upon entering the military service the husband took out a National Service Life Insurance policy designating his mother as beneficiary. Upon his death the widow brought an action against the United States for one-half of the amount of the policy. The action of the widow was premised upon the theory that the policy was community property and that she had a vested interest to one-half of the proceeds because the premiums were paid out of the earnings of her husband while he and she were residents of California. The trial court denied her claim. The United States Court of Appeals for the Ninth Circuit affirmed. That Court stated 176 F.2d at page 771:

"Appellant asserts that the insurance is community property and the surviving widow had a vested interest in one-half thereof because the premiums were paid out of earnings of Clyde while he and appellant were living together as husband and wife and were residents of California. This is the rule in California with respect to insurance policies issued by private corporations. An entirely different situation is presented in dealing with a policy issued by the federal government. It is important to keep in mind that the insurance policy with which we are concerned in this case was issued pursuant to the authority of a Congressional Act. * * * Thus, the contract of insurance issued by the Government has certain restrictions and limitations placed thereon by Congress, among which is the mandate that the proceeds may be paid *only* to the person designated in the policy as beneficiary. To order the Government to pay a portion of the proceeds of the policy to the wife would necessarily require us to ignore the plain provisions of the statute and the provisions of the contract. This we are not permitted to do if, in enacting the statute, Congress was lawfully exercising the authority vested in it. We see no constitutional limitation on the power of Congress to make provision as to the manner in which the Government shall contract with holders of National Service Life Insurance. These are contracts of the United States and possess the same legal incidents as other Government contracts. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434."

It is the claim of the plaintiff that there are certain features in this case that takes it without the scope of the holdings in the cases of Wissner v. Wissner, supra, and Pack v. United States, supra. The plaintiff claims that in this case she was awarded the policy in question by way of alimony by a decree of court during the lifetime of her husband. At the time the divorce decree was entered awarding the policy to the plaintiff, her husband had already changed the beneficiary of the policy. It would seem that the claim of the plaintiff in regard to the divorce proceedings involves two theories, one being that the divorce court had the power by decree to designate as a beneficiary of a National Service Life Insurance policy one other than that designated by the insured, and the other being that the filing of the complaint in the divorce action in which it was alleged that the insurance policy was community property operated as a lis pendens on the right of the insured to change the beneficiary.

■ In the annotation to Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, 2 A.L.R.2d 484, the annotator states 2 A.L.R.2d at page 492:

"* * * cases dealing with change of beneficiary in ordinary contracts of insurance are of little, if any, value as authority for cases arising out of an interpretation of the National Life Insurance Act. The reason for their lack of importance as precedents is the fact that a war risk insurance policy is a contract completely statutory in basis, and that the rights and duties of the parties stem not from the rules which govern private life insurance, but from the statutes and regulations passed expressly for war risk insurance."

In the case of Woodward v. United States, 8 Cir., 1948, 167 F.2d 774, at pages 778–779, the Court of Appeals for this circuit stated:

"Policies of National Service Life Insurance are, of course, contracts of the United States and possess the same legal incidents as other goverment contracts. * * * The validity and construction of such policies present questions of federal law."

See also McCollum v. Sieben, 8 Cir., 1954, 211 F.2d 708, where it was held that a property settlement and decree of divorce in themselves did not operate to change the beneficiary under a National Service Life Insurance policy. In the case of Dyke v. Dyke, D.C.1954, 122 F.Supp. 529, at pages 535–536, the Court stated:

"A life insurance policy in which the right to name or change the beneficiary is reserved to the insured is a contract in which the insurer agrees to pay the death benefit to the beneficiary designated by the insured. If a state, * * * could restrict that agreement to pay, the effect would be a determination by the state of who should receive the benefit. In the case of National Service Life Insurance that power, existing in the state, would supersede the federal power. That result is rejected. Hilbert v. United States, D.C.Ill., 43 F.Supp. 838; Murray v. United States, D.C.E.D. Mich.N.D., 107 F.Supp. 290; Barton v. United States, D.C., 75 F. Supp. 703; Taylor v. United States, D.C.Ark., 113 F.Supp. 143."

In the case of United States v. Hoffman, D.C.1955, 129 F.Supp. 580, at page 582, in a case involving a National Service Life Insurance policy, the Court stated:

"It is quite clear to the court that there is no constitutional limitation on the power of the Congress to make provision as to the manner in which the Government shall contract with holders of National Service Life Insurance. Pack v. U. S., 9 Cir., 176 F.2d 770, and Congress has the absolute authority to establish a plan of coverage."

In the case of Carballo v. McFann, 1950, 101 Cal.App.2d 93, 224 P.2d 902, at page 903, in a case involving a National Service Life Insurance policy issued to one Sergeant McFann, the court stated:

"Sergeant McFann was accorded the privilege by the National Government of designating the beneficiary of his life insurance policy issued pursuant to the National Life Insurance Act without obtaining the consent of anyone."

See also Simmons v. United States, D.C. 1954, 120 F.Supp. 641, 647.

■ It seems clear that there is clear and definite Congressional mandate that the insured in a National Service Life Insurance policy shall have the right "at all times" to change the beneficiary of the policy and that such right may not be denied him by either a federal or a state court.

■ It is the holding of this Court that the institution of the divorce action by the plaintiff did not "freeze" the plaintiff as beneficiary of the policy in question and that the divorce court could not deny the insured the right to make

a change of beneficiary or ignore the change of beneficiary made by him.

The plaintiff stresses another feature and that is that she is seeking to impress a constructive trust upon the proceeds in the hands of the defendant Mrs. Lawrence A. Soderstrom.

In the case of Tohulka v. United States, 7 Cir., 1953, 204 F.2d 414, the plaintiffs sought to impress a trust upon the proceeds of a National Service Life Insurance policy which was received by the designated beneficiary on the theory that the beneficiary was guilty of a breach of trust as to the plaintiffs. The trial court dismissed the case for lack of federal court jurisdiction. The United States Court of Appeals affirmed. That Court held that the case did not come within the provisions of Section 817 of Title 38, U.S.C.A., giving federal courts jurisdiction in the event of disagreement as to any claim against the Government arising out of National Service Life Insurance policies. Diversity of citizenship was lacking between the plaintiffs and the designated beneficiary. That Court stated 204 F.2d at 415:

"On this appeal plaintiffs expressly disclaim any intention to 'seek to change the beneficiary of the insurance' and state that 'the gravaman of the amended complaint' is 'an action * * * brought to impose and establish a trust for the benefit of plaintiffs upon the proceeds of insurance * * *. paid and to be paid to the * * * designated beneficiary'."

That Court stated, 204 F.2d at page 416, that the controversy as to the parties as to the matter of a constructive trust upon the proceeds in the hands of the designated beneficiary was "a private controversy between third persons involving the government in no way."

In the case of Pack v. United States, supra, heretofore discussed, the widow joined the mother, the designated beneficiary, as a party·to the action. The widow asked that in the event that her claim against the United States was denied a constructive trust be imposed upon the proceeds of the policy once they were received by the mother or that the mother be required to execute an assignment of them. The United States Court of Appeals, after denying the claim of the widow against the United States, went on to hold that because of the citizenship of the widow and the mother federal court jurisdiction was lacking as to the matter of the constructive trust. That Court stated 176 F.2d at page 772:

"There was no jurisdiction to determine whether the proceeds, once received, should be held under some kind of a trust for the benefit of the appellant * * *."

It seems clear from the cases that no court can deny the insured in a National Service Life Insurance policy the right to change the beneficiary of it or designate some one other than the designated beneficiary to receive the proceeds thereof. However, the courts so holding did not determine whether a court may not in certain cases by means of the imposition of a trust on the proceeds when once received by the designated beneficiary achieve what is in practical effect the same result. That result being that the court does designate a person other than the designated beneficiary as being entitled to the proceeds of the policy.

In the cases of Tohulka v. United States, supra, and Pack v. United States, supra, it was held, in actions seeking to impose a trust on the proceeds of a National Service Life Insurance policy in the hands of the designated beneficiary, that absent diversity of citizenship between the claimant and the designated beneficiary federal court jurisdiction is lacking. The implication in those cases would seem to be that whether or not the proceeds of a National Service Life Insurance policy following their receipt by a designated beneficiary are awarded by a court to some one else is not a matter of Federal Government concern. The case of Wissner v. Wissner, supra, involved a state court action in which the court awarded one-half of the proceeds

of a National Service Life Insurance policy to one not the designated beneficiary. As heretofore noted, the United States Supreme Court granted certiorari and set aside the award. The action of the United States Supreme Court in that case would seem to indicate that that Court is of the view that what award a court makes of the proceeds of a National Service Life Insurance policy following their receipt by the designated beneficiary is a matter of Federal Government concern and this even though in the first instance federal district court jurisdiction might be lacking.

■ An action seeking to impose a trust on the proceeds of a National Service Life Insurance policy in the hands of the designated beneficiary is sometimes based upon the claim that the beneficiary has been guilty of a breach of trust. Tohulka v. United States, supra. See also Kaschefsky v. Kaschefsky, 6 Cir., 1940, 110 F.2d 836 (War Risk Insurance policy). There is no claim that the designated beneficiary, Mrs. Lawrence A. Soderstrom, in the present case was guilty of any breach of trust, fraud or other wrongful conduct. Such an action may also be based upon a claimed agreement between the claimant and the insured. In the present case there is no evidence of any agreement between the plaintiff and her husband that he was not to change the beneficiary other than such as might be inferred by the payment of premiums by her while she was the known beneficiary of the policy. In the annotation to Mitchell v. United States, supra, the annotator states 2 A.L.R.2d at page 493:

"Although no cases have as yet arisen under the National Life Insurance Act, it seems fairly certain that no agreement of the insured with a third person not to change the beneficiary can effect his absolute right * * *."

In the California case of Kauffman v. Kauffman, 1949, 93 Cal.App.2d 808, 210 P.2d 29, the insured in a United States War Risk Insurance policy agreed in writing not to change the then designated beneficiary, that agreement having been incorporated in a decree of divorce. The Court held that nevertheless the insured could make an effective change of beneficiary.

In the case of Lewis v. United States, 3 Cir., 1932, 56 F.2d 563, at page 564, in a case involving a policy issued under the earlier War Risk Insurance Act, the Court stated:

"An agreement not to change the beneficiary named in an insurance policy issued by the United States under the War Risk Insurance Act in consideration of money advanced to the insured by the beneficiary is invalid, and cannot be enforced so as to prevent the insured from changing the beneficiary. White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Von Der Lippi-Lipski v. United States, 55 App.D.C. 202, 4 F.2d 168; United States v. Sterling, 2 Cir., 12 F.2d 921. The trial judge, therefore, rightly excluded evidence offered of such agreement which, it was claimed, had been entered into between the plaintiff and the insured."

■ In the present case the evidence does not establish an agreement on the part of the insured not to exercise the right to change the beneficiary of the policy. Under the authority of the cases relating to War Risk Insurance policies, such agreement would be ineffective if made.

The plaintiff places stress upon the payment of the premiums by her up to the time of the estrangement. As heretofore noted, the plaintiff and her husband were employed by the same oil company from 1947 up to September, 1949. It may be inferred that during that period the premiums were paid from her wages. It would appear that during the period from September, 1949, up to

the time of the estrangement the source of the funds for the payment of the premiums was that of the jointly owned business.

Apart from this, it does not appear that the source of the premiums paid on the policy was other than community property. Therefore, the situation is the same as that presented in the case of Wissner v. Wissner, supra. As heretofore noted, the United States Supreme Court held in that case that the payment of the premiums on a National Service Life Insurance policy from community property gave the wife no right to proceeds of the policy as against the designated beneficiary.

The claim of the plaintiff in this case in final analysis was based upon the award to her of the policy by the divorce court. That award, being ineffective, did not give rise to a constructive trust. The other matters upon which the plaintiff relied did not give rise to a constructive trust. Therefore, it is not necessary to determine whether a constructive trust may or may not be imposed upon the proceeds of a National Service Life Insurance policy in the hands of the designated beneficiary.

It is the holding of the Court that the plaintiff has failed to establish any right to the proceeds of the National Service Life Insurance policy in which Erwin Barrett Heifner was the insured.

It Is Ordered that judgment shall be entered in favor of the defendants.

It Is Further Ordered that under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C., the findings of fact, conclusions of law, and order for judgment in the foregoing opinion shall constitute the findings of fact, conclusions of law, and order for judgment in this case.