Patricia **ELDIN** and Karen Eldin, Minors, by Caroline S. Eldin, their next Friend, and Caroline S. Eldin, Plaintiffs,

v.

**UNITED STATES** of America, Eleanor A. Eldin and Teresa G. Eldin, Defendants.

No. Q-175.

United States District Court
S. D. Illinois, S. D.
Dec. 11, 1957.

John T. Robertson, Schmiedeskamp & Jenkins, Quincy, Ill., for plaintiffs.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., for United States.

Paul F. Wanless, Springfield, Ill., Nathan B. Kogan, New York City, for other defendants.

MERCER, District Judge.

This is an action to recover the sum of $10,000 upon a National Service Life Insurance policy issued by the United States of America. Eleanor A. Eldin and Teresa G. Eldin are made defendants pursuant to Section 38 U.S.C.A. § 445, on the ground that they claim some interest in the proceeds.

The plaintiff, Caroline S. Eldin was married to one Zaky Eldin and the other plaintiffs, Patricia Eldin and Karen Eldin are children born of this marriage. Zaky Eldin served in the military forces of the United States and there had been issued to him on January 21, 1943 a National Service Life Insurance policy No. N 8 519 655. Caroline S. Eldin was designated as sole principal beneficiary and this policy was in force and effect at the time of Zaky Eldin's death which occurred on February 28, 1954. On January 4, 1946 Caroline and the decedent separated and on January 17, 1946 a separation agreement was entered into. On April 29, 1946 the decedent obtained a divorce from Caroline in the State of Arkansas and on August 20, 1949 Caroline obtained a divorce from Zaky in the State of Illinois. That the decree in the

State of Illinois ratified and confirmed the separation agreement. In the separation agreement the decedent agreed to name Caroline his irrevocable primary beneficiary in the said policy of insurance and agreed to name Patricia and Karen his irrevocable secondary beneficiaries and decedent further agreed to pay Caroline not less than $175 per month for her support and for the support, maintenance and education of the plaintiffs, Patricia and Karen. The decedent defaulted upon this agreement and did not name the plaintiffs as beneficiaries and did not make the payments for the maintenance and support of the plaintiffs. On August 27, 1946 Zaky married Eleanor A. Eldin and named her as the beneficiary under his insurance policy. Teresa G. Eldin was born of the latter marriage. Zaky Eldin died on February 28, 1954 and at the time of his death was a citizen of the United States and a resident of the State of New York. On September 23, 1954 claim was made by the plaintiff, Caroline S. Eldin, for the proceeds under the insurance policy. The plaintiffs asked that the proceeds of the policy be paid to Caroline as original beneficiary or in the alternative, that out of the proceeds she be paid to the extent of the unpaid support and maintenance payments for herself and the children, or, in the alternative, that the proceeds be paid in equal shares to Patricia and Karen.

Originally there was issued to the decedent Term Insurance Policy No. N 8 519 655, in which Caroline was named as sole principal beneficiary. This policy lapsed and was reinstated on August 27, 1946 and in his application for reinstatement the insured named Eleanor Asherman Antone now Eleanor A. Eldin, as beneficiary. The policy lapsed again and was again reinstated and Eleanor A. Eldin was named principal beneficiary and Teresa G. Eldin was named as contingent beneficiary. Upon renewal of the policy in November, 1950, Eleanor A. Eldin and Teresa G. Eldin were again named as principal and contingent beneficiaries, respectively. Later the policy was converted into an endowment policy and

Eleanor and Teresa were again named as principal and contingent beneficiaries. This policy was in force and effect at the time of decedent's death.

### Conclusions of the Law.

The issue presented under the law and facts is whether plaintiffs, being the decedent's first wife and the children born of the first marriage, are entitled to recover any of the proceeds of his National Service Life Insurance policy notwithstanding the fact that the defendant claiming to be the veteran's wife by a subsequent marriage following a divorce and the child born as the result of the second marriage, were the designated beneficiaries of record of the insurance policy at the date of its maturity, the claim of the plaintiffs being based on the provisions of a separation agreement between the deceased and his first wife whereby he undertook to irrevocably name the first wife and their children as beneficiaries of the policy and based on the fact that unpaid monthly support and maintenance installments provided for in said agreement and in a subsequent divorce decree ratifying the agreement, constitute a debt collectible from the proceeds of the insurance.

■ Upon maturity the proceeds of a National Service Life Insurance policy are payable to the designated beneficiary. There is no dispute that at the maturity date of the policy the defendant was and still is within the class of permitted beneficiary since the policy matured after August 1, 1946, and it is immaterial so far as the determination of this case is concerned whether the defendant Eleanor Eldin was or was not legally married to the veteran. At one time plaintiff was the designated beneficiary in the policy but plaintiff was not the designated beneficiary at the time the policy matured. It is the opinion of the Court that plaintiff lost all rights under the applicable Act and regulations when the veteran exercised his right in his lifetime in proper form and in accordance with law to change his beneficiary to the defendant. It is the opinion of the

Court that the separation agreement between the veteran and his first wife in which he agreed to irrevocably name his first wife and their children as beneficiaries of the policy and also the divorce decree granted to the first wife approving the terms of the separation agreement, had no force and effect so far as the proceeds of the policy are concerned.

In 38 U.S.C.A. § 802(g), is found the following language:

"The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, * * * and shall, * * * at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: Provided, That the provisions of this sub-section as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."

In Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 399, 94 L.Ed. 424, there was a complication involved in the distribution to be made of the proceeds of a National Service Life Insurance policy in that the community property law of the State of California created a vested right in the insured's widow. In discussing the Act, particularly 38 U.S.C.A. § 802(g), supra, and 38 U.S.C.A. § 454a, the Supreme Court said:

"A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the comprehensive statutory plan * * * The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance (within a designated class), * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g), 38 U.S.C.A. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and

no other. Pursuant to the congressional command, the Government contracted to pay the insurance to the 'insured's' choice. He chose his mother. It is plain to us that the judgment of the lower court as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payment under the policy, contrary to the expressed direction of the insured * * * The judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress."

 The second contention of plaintiff that the monthly support and maintenance installments provided for in the veteran's agreement and in the subsequent divorce decree ratifying the agreement constitutes a debt collectible from the proceeds of the insurance is equally inadmissible because of the provisions of Section 38 U.S.C.A. § 454a which declares in part as follows:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."

██ ██ The contentions of the plaintiffs on both of the issues submitted are necessarily based upon a legal assignment of the proceeds of the policy by the veteran or upon an equitable assignment

of the proceeds, or upon the creation of a constructive trust by the operation of law based upon the conduct and contractual obligations of the veteran, or by seizure of the proceeds of the policy by legal or equitable process after the maturity of the policy. Certain decisions of state courts involving private insurance policies have been cited by the plaintiffs in support of the above conditions but these decisions of State Courts cannot nullify a Congressional Act or the public policy of Congress as expressed in the Congressional Acts and particularly the provisions of 38 U.S.C.A. §§ 802(g) and 454a. Any attempt to create vested rights in the beneficiary prior to the maturity of the policy or to make the proceeds of the policy, after maturity, subject to the moral, legal, or equitable debts of the veteran by reason of his conduct during his lifetime would be contrary to the Congressional purpose. Neither the conduct nor the contractual obligations of the deceased veteran can divert by any theory of law the proceeds of such an insurance policy from his designated beneficiary at the time the policy matures.

In Heifner v. Soderstrom, D.C., 134 F.Supp. 174, the Court reviews all of the decisions cited in the various briefs filed herein. In that case the insured's former wife commenced an action against the insured's mother to impose a trust upon the proceeds of the insured's National Service Life Insurance policy. The former wife had been the beneficiary of the policy but after the wife had instituted a divorce action against the insured he designated his mother as beneficiary. Subsequently, the wife was granted a judgment which awarded her the insurance policy.

At page 180, the Court said:

"It seems clear that there is a clear and definite Congressional mandate that the insured in a National Service Life Insurance policy shall have the right 'at all times' to change the beneficiary of the policy and that such right may not be denied him by either a federal or a state court."

At page 181, the Court said:

"It seems clear from the cases that no court can deny the insured in a National Service Life Insurance policy the right to change the beneficiary of it or designate some one other than the designated beneficiary to receive the proceeds thereof."

At page 182, the Court said:

"In the present case the evidence does not establish an agreement on the part of the insured not to exercise the right to change the beneficiary of the policy. Under the authority of the cases relating to War Risk insurance policies, such an agreement would be ineffective if made."

In Von Der Lippi-Lipski v. United States, 55 App.D.C. 202, 4 F.2d 168, at page 169, the Court said:

"We are of the opinion that the agreement, alleged in the amended bill of complaint to have been entered into by the plaintiff and the insured, was invalid, in so far as it affected the right and authority of the insured to change the beneficiary under the contract of insurance. To hold otherwise would do violence to the plain and ordinary meaning of the language expressive of the legislative intent."

Other cases which have considered the questions involved herein are:

Pack v. United States, 9 Cir., 176 F.2d 770; Moreno v. United States, 1 Cir., 120 F.2d 128; Tohulka v. United States, 7 Cir., 204 F.2d 414.

The Court has considered the cases cited by the plaintiff, including In re Flanagan, D.C., 31 F.Supp. 402; and Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836, and other cases but the Court is of the opinion that these cases are clearly distinguishable.

For the reasons herein set forth it is the opinion of the Court that the issues should be in favor of the defendants. It

**39**

is therefore ordered that the proceeds of said insurance policy involved herein be paid to the designated beneficiary, Eleanor A. Eldin. In compliance with Rule 52, Rules of Civil Procedure, 28 U.S.C.A., the findings of fact and conclusions of law appear in this opinion and the same are adopted as a findings of fact and conclusions of law as contemplated by said Rule 52.